**In re X–CEL, INC., d/b/a Sizzler Family Steak House, Debtor.**

**X–CEL, INC., d/b/a Sizzler Family Steak House, Appellant,**

**v.**

**INTERNATIONAL INSURANCE CO., Appellee.**

**No. 86 C 3738.**

United States District Court, N.D. Illinois, E.D.

Nov. 4, 1986.

Glenn R. Heyman, Arthur Simon, Dannen, Crane, Heyman & Simon, Chicago, Ill., for appellant.

Dennis E. Quaid, Berman, Fagel, Haber, Maragos & Abrams, Chicago, Ill., for appellee.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Chapter 11 debtor X–Cel, Inc. appeals from three orders of Bankruptcy Judge Charles B. McCormick granting permission for the filing of a proof of claim by appellee International Insurance Company ("IIC") approximately two weeks after the "bar date" for such claims. Because we find that the bankruptcy court's orders were not "final judgments, orders or decrees" within the meaning of 28 U.S.C. § 158(a) (Supp. III 1985), and we do not view this dispute as a case where an interlocutory appeal is warranted, we dismiss X–Cel's appeal for want of jurisdiction.

All too often the question of the district court's appellate jurisdiction is carelessly ignored (or jurisdiction incorrectly presumed) by bankruptcy practitioners. This is such a case. Three orders were appealed in the present dispute. The October 18, 1985 order denied X–Cel's objections to the late filing of a proof of claim by IIC; the October 31, 1985 order declared that there was no reason for delay in the enforcement or appeal of the October 18 order; and the April 4, 1986 order denied X–Cel's application for rehearing of the first order. X–Cel's argument on appeal is that the October 18 order was premised on factual findings improperly made by the bankruptcy court without a hearing.

In the course of an ordinary Chapter 11 bankruptcy proceeding, the debtor files a formal schedule of creditors and claims and specifies which ones are "disputed, contingent, or unliquidated." 11 U.S.C. § 521(1) (Supp. III 1985); 11 U.S.C. § 1111(a) (1982). Generally, as in this case, the bankruptcy court will then set a "bar date" after which no further creditors' claims may be filed. Judge McCormick set the bar date in X–Cel's reorganization as November 20, 1982; however, IIC did not file a proof of claim until December 15, 1982. In its October 18,

1985 order, the bankruptcy court found that although IIC filed its proof of claim fifteen days late, the delay was the result of excusable neglect, Fed.R.Bankr.P. 9006(b)(1), attributable at least in part to the fact that IIC never received adequate notice of the bar date. The bankruptcy court arrived at its decision after examining "the issues, pleadings and memoranda of the parties and being duly advised in the premises." *In re X–Cel, Inc., d/b/a Sizzler Family Steak House*, No. 82 B 6430, slip op. at 1 (Bankr.N.D.Ill. Oct. 18, 1985). Furthermore, the court specifically set forth that its decision was "without prejudice to a challenge of the claim on its merits by the Debtor if cause exists." *Id.* at 3. Shortly thereafter, the bankruptcy judge entered the October 31 order declaring that there was no cause for delay in the enforcement or appeal of the October 18 order. On April 4, 1986, the bankruptcy court denied X–Cel's application for rehearing or other relief, rejecting X–Cel's contention that it was entitled to notice and a hearing on the question of the timeliness of IIC's proof of claim. This appeal of all three bankruptcy court orders followed.

The jurisdictional prerequisites for an appeal of a decision of the bankruptcy court are set forth at 28 U.S.C. § 158 (Supp. III 1985). The provision which governs appeals to the district court from the bankruptcy court states in pertinent part:

> The district courts of the United States shall have jurisdiction to hear appeals from *final judgments, orders, and decrees*, and, *with leave of the court, from interlocutory orders and decrees*, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

28 U.S.C. § 158(a) (Supp. III 1985) (emphasis added). Thus, this Court may exercise jurisdiction over appeals from final judgments and only in certain circumstances, from interlocutory orders of the bankruptcy court.

This Court has had previous occasion to address the appellate jurisdiction issue in

cases where the parties did not recognize the potential problem. *See, e.g., In re Huff*, 61 B.R. 678 (N.D.Ill.1986). In *Huff*, we laid out the standards which we follow here in determining the appealability of the bankruptcy court's orders denying X–Cel's objections to the late filing of IIC's proof of claim.

■ We first note that Judge McCormick's orders below can in no sense be viewed as final decisions with respect to IIC's purported claim. Those orders merely allowed the late filing of a potential creditor's claim and did not address the merits of that claim. Indeed, the court explicitly left open the opportunity for X–Cel to contest the validity of IIC's proof of claim notwithstanding the denial of its procedural objection to the claim's filing. Accordingly, none of the three orders appealed from "conclusively determines a separable dispute over a creditor's claim or priority." *In re Saco Local Development Corp.*, 711 F.2d 441, 445–46 (1st Cir.1983) (interpreting the earlier version of § 158, 28 U.S.C. § 1293 (1982)); [1] *Huff*, 61 B.R. at 681. The orders do not conclusively determine the dispute over IIC's claim because the merits of that claim have yet to be resolved. Should the bankruptcy court deny IIC's claim on substantive grounds, the question of the claim's timely filing will be moot. If, on the other hand, IIC's claim should be allowed, the bankruptcy court's order will constitute a conclusive determination of a separable dispute over a creditor's claim and will be appealable. At that time, X–Cel would be permitted to appeal both the decision on the merits and the earlier decision regarding the late filing.[2]

■ We must briefly address the question of whether the orders appealed in the present case constitute "collateral orders" such that they benefit from an exception to the finality doctrine. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under the collateral order doctrine, an order will be considered immediately appealable if it (1) finally determines rights collateral to and separable from the main proceeding; (2) presents a serious and unsettled question; and (3) is effectively unreviewable on appeal from final judgments such that denial of immediate review will harm the appellant irreparably. *See, e.g., In re Cash Currency Exchange, Inc.*, 762 F.2d 542, 547 (7th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985). Again, we do not view the resolution of the late filing dispute by the bankruptcy court as a determination of a collateral or separable right from the underlying proof of claim. Furthermore, there is no important or controversial issue calling for guidance from the district court regarding late filing of creditor's claims. *Cf. In re Gianakas*, 56 B.R. 747 (N.D.Ill.1985). The bankruptcy court is clearly vested with the authority to make discretionary decisions regarding timeliness of claims and the propriety of those decisions will inevitably be fact-specific. *See* Fed.R.Bankr.P. 9006(b) (1). Finally, as we discussed above, X–Cel will not sacrifice its right to appeal these orders once a determination on the merits of the claim is made by the bankruptcy court.

■ Our inquiry does not end here, however, for § 158(a) also provides that the district court may at its discretion grant leave to hear appeals from interlocutory

---

1. The Seventh Circuit has stated its view that the jurisdictional provisions of the 1984 amendments to the Bankruptcy Code, including § 158, are virtually identical to the previously controlling jurisdictional provisions, including § 1293. *In re Cash Currency Exchange, Inc.*, 762 F.2d 542, 546 n. 4 (7th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985).

2. In this sense, the appeal before us is loosely analogous to a situation where a district court denies a motion to dismiss a civil action on the grounds of a statute of limitations defense. The order is not final, but the statute of limitations argument is preserved for appeal if the defendant ultimately loses on the merits of her defense. *See, e.g., Smith v. Benedict*, 279 F.2d 211, 212–13 (7th Cir.1960); *see also Freeman v. Kohl & Vick Machine Works, Inc.*, 673 F.2d 196, 200 (7th Cir.1982) (denial of assertion of affirmative defense in district court not appealable as a final order to court of appeals).

**134**

orders or decrees entered by the bankruptcy court. Furthermore, regardless of the parties' failure to recognize the interlocutory nature of the orders they appeal and the corresponding omission of a request for leave to appeal under Fed.R.Bankr.P. 8001(b), the district court may grant leave to appeal and consider the notice of appeal as a motion for leave to appeal. *See* Fed.R. Bankr.P. 8003(c), *Huff*, 61 B.R. at 682. Nonetheless, we should not jump to the conclusion that an interlocutory appeal is necessary where disputes lacking in significance are brought to our attention at a premature stage. As we discussed in *Huff*, an interlocutory bankruptcy appeal will lie if there are "controlling questions of law as to which there is substantial ground for dispute and if an immediate appeal may materially advance the ultimate termination of the litigation." 61 Bankr. at 682 (citation omitted). We have already determined that no important legal question is raised by X–Cel's appeal and we find it unlikely that a resolution of the timeliness issue will materially advance the ultimate termination of this bankruptcy reorganization which has been proceeding for several years now. Accordingly, we decline to grant leave to appeal the interlocutory orders of the bankruptcy court.

Having decided that an appeal of Judge McCormick's orders is not proper at this time under 28 U.S.C. § 158(a) or under any exception to the final judgment rule, this Court dismisses X–Cel's appeal for want of jurisdiction. It is so ordered.