**In re The CHARTER COMPANY, et al., Debtors.**

**Bankruptcy No. 84–289–BK–J–GP to 84–332–BK–J–GP and 85–1033–BK–J–GP.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Dec. 29, 1986.

See also, Bkrtcy., 68 B.R. 225.

James H. Post, Jacksonville, Fla., for debtors.

Earl M. Barker, Jr., Jacksonville, Fla., Eugene A. Massey, Washington, D.C., for Pemex.

ORDER GRANTING MOTION OF PETROLEOS MEXICANOS FOR ENLARGEMENT OF TIME TO FILE PROOF OF CLAIM AGAINST CHARTER CRUDE OIL COMPANY

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter came before the Court upon the motion of Petroleos Mexicanos ("Pemex") for enlargement of time to file proof of claim.

## I. FACTS

During 1981, Pemex, an agency of the United Mexican States, and Charter Crude Oil Company ("CCOC") entered into a sales contract providing for CCOC's purchase of crude oil. Delivery of the crude oil occurred on a monthly basis at the facilities of Pemex in Pajaritos, Ver., Mexico. Between May 31, 1981, and June 3, 1981, CCOC took delivery of 397,326 barrels of crude oil. Invoice No. 14052 in the amount of $13,780,237 was issued by Pemex to CCOC documenting the delivery.

On June 3, 1981, Pemex reduced its prices for crude oil $4.00 per barrel effective June 1, 1981. This price reduction was not reflected in Invoice No. 14052. CCOC paid the invoice less $1,589,304, an amount determined by CCOC to reflect the price reduction. Pemex asserted that it is due $1,589,304. During the latter part of 1981, an attempt was made by both parties to reconcile the situation. On December 30, 1981, Pemex sent a telex to CCOC requesting payment. No payment was made and no further action was taken by Pemex until the filing of the subject motion on June 30, 1986. CCOC asserts that it believed the dispute was resolved in early 1982, without further liability to CCOC. Neither party can document resolution of the dispute.

CCOC filed for relief under 11 U.S.C. Chapter 11 on April 20, 1984. The schedule of assets and liabilities it filed in the bankruptcy proceeding did not list Pemex as a creditor, nor were the schedules amended to include Pemex as a creditor at a later date. Accordingly, Pemex did not receive

any written notices in the bankruptcy proceeding, particularly the bar date of November 19, 1984, for filing proofs of claims in order to participate in the voting on and distribution through the plan of reorganization.

The first formal notice of the bankruptcy proceeding received by Pemex was service of a summons and complaint for turnover in April, 1986. Although employees of Pemex in New York City and Washington, D.C., were responsible for collecting information regarding energy related matters, there is no showing that a representative of Pemex cognizant of the dispute over the $1,589,304 had actual knowledge of the bankruptcy proceeding.

Notice of the November 19, 1984, bar date was published in the Wall Street Journal and in other newspapers on August 15, 1984. Numerous articles regarding the bankruptcy proceeding appeared in the Wall Street Journal, the New York Times and in other financial and oil-industry related publications between April 23, and November 19, 1984.

## II. KNOWN vs. UNKNOWN CREATOR

The primary issue is whether Pemex was a "known" creditor entitled to formal notice of the bankruptcy proceeding or an "unknown" creditor. If Pemex was an "unknown" creditor then it must demonstrate excusable neglect as good cause to file a late proof of claim. See *In re South Atlantic Financial Corp.*, 767 F.2d 814 (11th Cir.1985).

A creditor in the bankruptcy context is "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(9)(A). This claim can be a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, eq-

uitable, secured, or unsecured." 11 U.S.C. § 101(4)(A).

Pemex certainly satisfies the statutory definition of creditor. Pemex asserts a disputed claim against CCOC which claim arose before the order of relief was entered on April 20, 1984. Not so easily decided however is whether Pemex was a known creditor at the time the petition was filed.

CCOC asserts that the dispute over the $1,589,304 was resolved in early 1982. The only evidence produced to support this allegation is deposition testimony of two employees of CCOC who stated that they were generally aware of the price dispute, that they were not specifically involved in the subject contract and the dealings with Pemex, and that they each believed the dispute had been resolved because the subject of the dispute had never come up in any discussions they had personally had with representatives of Pemex.[1] The Court is not persuaded by this negative type testimony.

At the time CCOC filed its schedules of assets and liabilities, it knew that there was at least a possibility of a claim being made by Pemex. As a "known" creditor, Pemex is entitled to formal notice of the bankruptcy proceeding before its claim can be forever barred. See *New York v. N.Y., N.H. & H.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953). See also *In re Yoder Co.*, 758 F.2d 1114 (6th Cir.1985); *Reliable Electric Co. v. Olson Construction Co.*, 726 F.2d 620 (10th Cir. 1984); *In re Intaco Puerto Rico, Inc.*, 494 F.2d 94 (1st Cir.1974); *In re Harbor Tank Storage Co.*, 385 F.2d 111 (3rd Cir.1967); cf. *In re Missionary Baptist Foundation of America*, 41 B.R. 467 (Bkrtcy., N.D. Texas 1984). This is true even though some representative of Pemex may have had knowledge that CCOC was involved in a reorganization proceeding. *New York v. N.Y., N.H. & H.R. Co., supra.*

Also, notice of the November 19, 1984, bar date by publication cannot be justified as a substitute for formal notice in

1. Debtor's exhibit #3, deposition of Michael E. Crismon, pp. 8–10; Debtor's exhibit #4, deposi-

tion of Larry J. Golden, pp. 13–17.

these circumstances. *Id.* First, the bar date was publicized only once, and second, Pemex is a foreign organization which would not necessarily subscribe to the publications in which the notice appeared.

Having determined that Pemex was a "known" creditor entitled to formal notice of the bankruptcy proceeding before its claims could be forever barred, the Court does not need to determine whether cause exists to allow Pemex to file a late proof of claim.

Accordingly, it is ORDERED:

1. The motion of Petroleos Mexicanos for enlargement of time to file proof of claim is granted.

2. Pemex is directed to file a proof of claim within thirty (30) days of the date of this Order, without prejudice to any interested party to challenge the allowability of the claim.