**In re The CHARTER COMPANY, et al., Debtors.**

**The CHARTER COMPANY, et al., Appellants,**

v.

**PETROLEOS MEXICANOS, Appellee.**

Nos. 87–157–Civ–J–14, 84–289–BK–J–GP to 84–332–BK–J–GP and 85–1033–BK–J–GP.

United States District Court, M.D. Florida, Jacksonville Division.

July 24, 1987.

James Post, Jacksonville, Fla., for appellants.

Eugene Massey, Washington, D.C., for appellee.

## OPINION AND ORDER

SUSAN H. BLACK, District Judge.

This case came on upon the Motion By Petroleos Mexicanos To Dismiss Appeal Of Charter Crude Oil Company, filed herein on March 2, 1987. Charter Crude Oil Company's [hereinafter "Charter"] response in opposition was filed March 11, 1987. The Court heard oral argument on July 23, 1987.

The issue in this case is whether a bankruptcy court's order allowing the filing of a late proof of claim is a final appealable order. On December 29, 1986, the bankruptcy court entered an Order Granting Motion Of Petroleos Mexicanos For Enlargement Of Time To File Proof Of Claim Against Charter Crude Oil Company, 68 BR 396 (Bankr.M.D.Fla.1986). Petroleos Mexicanos [hereinafter "Pemex"] asserted a claim against Charter in the amount of approximately $1.5 million for crude oil delivered to Charter which Pemex claims remains unpaid. In 1984, Charter filed for relief under Chapter 11. Charter did not

list Pemex as a creditor in its schedule of assets and liabilities. Pemex, therefore, did not receive notice of the bar date of November 19, 1984, established by the bankruptcy court for creditors to file proofs of claims.

After a hearing, the bankruptcy court found that there was no showing that a representative of Pemex cognizant of the dispute over the $1.5 million, had actual knowledge of the bankruptcy proceeding. Pursuant to the parties' stipulation, the first formal notice to Pemex of the bankruptcy proceeding was in April, 1986. The bankruptcy court determined that Pemex was a "known" creditor entitled to formal notice of the bankruptcy proceeding at the time Charter filed its petition. The bankruptcy court concluded that in this case publication of the bar date in newspapers did not substitute for formal notice to Pemex. The bankruptcy court granted Pemex's motion and allowed Pemex to file a late proof of claim. The bankruptcy court's order specifically provided that Pemex's late filing of its proof of claim was without prejudice for any interested party to challenge the allowability of its claim. Charter filed a timely notice of appeal of the bankruptcy court's order allowing Pemex to file a late proof of claim.

Pemex filed its proof of claim in the amount of $1,639,432.96 on January 28, 1987. At oral argument, the parties informed the Court that a second contested matter is pending in the bankruptcy court to resolve Charter's objections to the merits of Pemex's claim.

Pemex seeks to dismiss this appeal on the ground that the bankruptcy court's order allowing the filing of the late proof of claim is not a final appealable order. It is Pemex's position that Charter cannot appeal the order as a matter of right and that Charter has not requested leave to file an interlocutory appeal. Pemex also maintains that this Court should not exercise its discretion and grant leave to Charter to pursue an interlocutory appeal. Charter asserts that the bankruptcy court's order is a final appealable order because it resolved the first contested matter.

This Court's appellate jurisdiction over the bankruptcy court is pursuant to 28 U.S.C. § 158(a), which provides, in pertinent part:

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges under section 157 of this title.

In determining whether the bankruptcy court's December 29, 1986, order allowing the late filing of a proof of claim is a final order, the Court is guided by the following principles.

> A final decision is generally 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' In bankruptcy proceedings, it is generally the particular adversary proceeding or controversy that must have been finally resolved, rather than the entire bankruptcy litigation. Although courts 'take a more liberal view of what constitutes a separate dispute for purposes of appeal' in bankruptcy cases, the separate dispute being assessed must have been finally resolved and have nothing more for the bankruptcy court to do.

*In re Charter Co.*, 778 F.2d 617, 621 (11th Cir.1985) (citations omitted). The Eleventh Circuit relied upon *In re Saco Local Development Corp.*, 711 F.2d 441 (1st Cir.1983) [hereinafter "Saco"]. In this case, Charter cites *Saco* for the proposition that each order resolving a contested matter is a final appealable order.

In *Saco*, the bankruptcy court issued an order determining that a particular claim was entitled to priority. The bankruptcy court did not determine, however, how much of the claim would receive priority treatment and, in addition, this one claim was only a small part of the total liquidation proceeding. The parties agreed to appeal directly to the First Circuit which, pursuant to 28 U.S.C. § 1293(b), had jurisdiction upon mutual agreement of the par-

ties, but only over final orders of the bankruptcy court.[1]

The First Circuit stated that the most difficult question the case raised was whether it had jurisdiction over the appeal. The court acknowledged that were it not a bankruptcy case, the kind of order before it would not be considered "final." *Id.* at 443. After a thorough analysis of the history of federal bankruptcy law, including the Bankruptcy Act of 1898 which created appellate jurisdiction over orders allowing or disallowing certain claims, and case law addressing appellate jurisdiction in bankruptcy matters, the *Saco* court concluded:

> In sum, given a longstanding Congressional policy of appealability, an uninterrupted tradition of judicial interpretation in which courts have viewed a 'proceeding' within a bankruptcy case as the relevant 'judicial unit' for purposes of finality, and a legislative history that is consistent with this tradition, we conclude that a 'final judgment, order, or decree' under 28 U.S.C. § 1293(b) includes an order that *conclusively determines a separable dispute over a creditor's claim or priority.*

*Id.* at 445–46 (emphasis added).

The *Saco* court held that the bankruptcy court's order was final, even though it did not set forth the final amount of the claim. The court reasoned that determining the final amount would not require further litigation involving this claimant, but only would involve other claimants and determining their relative priorities. Thus, there was nothing more for the bankruptcy court to do regarding this claimant.

 This Court will apply the standard articulated in *Saco* in this case. The bankruptcy court's order will be considered "final" if it conclusively determined a separable dispute over a creditor's claim or priority. This question is answered by examining whether further litigation involving this creditor is necessary. This standard for determining whether a bankruptcy court's order is final finds support in *In re*

*Tidewater Group, Inc.*, 734 F.2d 794 (11th Cir.1984).

In *Tidewater,* the bankruptcy court denied a petition to approve a settlement agreement. The Eleventh Circuit agreed with the district court that the bankruptcy court's order was not a final, appealable order. "The bankruptcy court order did not resolve the litigation, decide the merits, determine rights of the parties, settle liability, or establish damages." *Id.* at 796. The decision in *Tidewater* is easily reconciled with the First Circuit's decision in *Saco* in which the bankruptcy court's order was a final determination of the rights of one claimant.

 In the present case, the bankruptcy court's order did not resolve the status of Pemex's claim. The order merely allowed Pemex to file its claim. Moreover, the final resolution of Pemex's claim necessitates additional litigation involving Pemex which is currently pending. The bankruptcy court's order merely pertains to an incidental procedural matter. The order expressly leaves open the question of the merits of Pemex's claim.

The issue of whether an order allowing the filing of a late proof of claim is a final order is a question of first impression in this circuit. Pemex has cited *In re X–CEL, Inc.*, 68 B.R. 131 (N.D.Ill.1986). In *X–CEL,* the bankruptcy court allowed the late filing of a proof of claim and the debtor appealed. The district court noted that the bankruptcy court explicitly left open the opportunity for the debtor to contest the validity of the proof of claim. *Id.* at 133. The district court stated that the orders allowing the late filing do not conclusively establish the dispute over the claim because the merits have yet to be resolved. If the bankruptcy court denied the claim on the merits, the issue of the late filing would be moot. If the bankruptcy court allowed the claim on the merits, the debtor could then appeal both the decision on the merits and the procedural order allowing the late filing. *Id.* The district court con-

---

1. 28 U.S.C. § 158 is the successor to § 1293 and circuit courts, upon mutual agreement of the parties, no longer have direct appellate jurisdiction over final orders of the bankruptcy courts. *See* 28 U.S.C. § 158(d); *In re Wisz,* 778 F.2d 762, 764 n. 3 (11th Cir.1985).

**194**

cluded that the bankruptcy order was not a final appealable order.

This Court agrees with the reasoning of the *X–CEL* court. In the matter *sub judice*, the bankruptcy court's order allowing Pemex to file a late proof of claim can be reviewed after a determination on the merits of the claim, if the late filing is still an issue. Furthermore, the resolution of the merits of Pemex's claim will necessitate further litigation involving Pemex. It would be a waste of judicial resources, as well as increased expense to the parties and delay in the resolution of the bankruptcy proceeding to permit the type of piecemeal litigation Charter is pursuing by way of this appeal.

The Court finds that the bankruptcy court's December 29, 1986, order granting Pemex's motion for leave to file a late proof of claim is not a final appealable order. Charter never requested leave to pursue an interlocutory appeal. Therefore, the Court will grant Pemex's motion to dismiss the appeal for lack of jurisdiction.

Accordingly, it is

ORDERED:

1. That the Motion By Petroleos Mexicanos To Dismiss Appeal Of Charter Crude Oil Company, filed herein on March 2, 1987, is granted.

2. That the Clerk of the Court is hereby directed to enter judgment dismissing this case.