PER CURIAM:
 

 The bankruptcy court granted the Internal Revenue Service (“IRS”) an extension of time to file a proof of claim on the ground that the IRS’ failure to file on time was due to “excusable neglect.” The district court affirmed. We dismiss the appeal for lack of jurisdiction because the bankruptcy court’s order is not an appealable order.
 

 The bankruptcy court’s order is not an appealable order because it does not decide the merits of the IRS’ claim. In other words, it does not determine that the IRS’ claim will be allowed; nor does it hold that Debtor’s plan of reorganization must provide for a payment of the IRS’ claim in full or in part. Instead, the order simply allows the IRS’ claim to proceed. It does not resolve and seriously affect substantive rights.
 
 See Frontier Properties, Inc. v. Four Seasons Properties,
 
 979 F.2d 1368, 1363 (9th Cir.1992).
 

 Although the question is one of first impression in this circuit, at least two district courts in other circuits have addressed the finality of a bankruptcy court order allowing the tardy filing of a proof of claim. Both held that such an order is not final, recognizing that the order could be reviewed after a determination on the merits of the claim.
 
 Charter Co. v. Petroleos Mexicanos,
 
 76 B.R. 191, 194 (M.D.Fla.1987);
 
 X-Cel, Inc. v. Internat'l Ins. Co.,
 
 68 B.R. 131, 133 (N.D.Ill.1986).
 

 Our holding is also in line with our own authority that a denial of a motion to dismiss in a bankruptcy case is not immediately appealable because it is interlocutory.
 
 See, e.g., In re Rega Properties, Ltd.,
 
 894 F.2d 1186, 1138 n. 4 (9th Cir.1990). As we have said, the “pragmatic approach” to finality in bankruptcy cases notwithstanding, “[t]raditional finality concerns still dictate ... that ‘[w]e avoid having a case make two complete trips
 
 *429
 
 through the appellate process.’ ”
 
 See Frontier,
 
 979 F.2d at 1363 (citation omitted).
 

 Debtor argues that “a ruling on the propriety of allowing the filing of the IRS’ late proof of claim will advance, not impede, the bankruptcy proceedings.” Appellant’s Brief at 16. This may or may not be true. But the test is whether the order resolves and seriously affects substantive rights
 
 and
 
 finally determines the discrete issue to which it is addressed.
 
 See id.
 

 Appeal DISMISSED for lack of jurisdiction.