124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: HAMAKUA SUGAR COMPANY, INC., a Hawai'i corporation, Debtor.
Western Farm Credit Bank, Creditor-Appellant,
v.
FEDER & MILLS, Professional Corporation, Debtor-Appellee.
 No. 96-16230.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted August 13, 1997.
Decided Aug. 28, 1997.
 
 1
 Appeal from the United States District Court for the District of Hawai'i; Martin Pence, District Judge, Presiding.
 
 
 2
 Before: GOODWIN, THOMAS, Circuit Judges, and SEDWICK**, District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Western Farm Credit Bank ("Bank"), a creditor of bankrupt Hamakua Sugar Co., Inc. ("Hamakua"), appeals the district court's granting of attorney's fees to Feder & Mills from the "Carve Out Fund." The district court overruled the bankruptcy court, which would have required Feder & Mills to execute a release prior to payment. We affirm the district court.
 
 FACTS
 
 5
 Western Farm Credit Bank is a secured lender to Hamakua Sugar Co., which held as collateral a security interest in substantially all real estate and personal property of Hamakua. Feder & Mills is a law firm employed by the debtor pursuant to court approval. Other professionals also so employed were Carlsmith Ball Wichman Case & Ichiki ("Carlsmith"), special counsel to Hamakua during its bankruptcy, and Coopers & Lybrand LLP ("Coopers"), who acted as a financial adviser. Unpaid professional fees incurred in the Chapter 11 proceedings at the time this appeal was filed amounted to approximately $4.5 million.
 
 
 6
 Under the Chapter 11 bankruptcy supervision, the bankruptcy court approved a plan in which the Bank established a "Carve-Out Fund" from the Bank's cash collateral to cover the professional fees and other costs of the orderly shut-down of Hamakua's operations.
 
 
 7
 After attempts to work out a settlement among the debtor, the Bank, and the professionals had failed, the bankruptcy court, in December 1993, approved the final fee applications of the professionals. Because there was insufficient cash in the carve-out fund to pay all fees in full, the court suggested a pro rata payment that would exhaust the available fund and leave the remainder of the unpaid fees to abide the ultimate disposition of assets, if any, that might remain after the proceedings were concluded. The Bank and Hamakua earlier had decided upon a form of a release ("Original Release") which the bank would require from each professional before payment. After the attempted settlement had failed, the Bank decided that the Original Release would not protect it from claims against its collateral for future work done by the professionals in winding up the bankruptcy. The bank thus insisted upon a new, broader form of release ("New Release") before it would disburse the pro-rata payments to the professionals from the budgeted cash collateral. Carlsmith and Coopers tendered the New Release, but Feder & Mills did not. The Bank refused any payment from the Carve-Out Fund.
 
 
 8
 In May 1995, Carlsmith, Coopers, and Feder & Mills filed a motion in bankruptcy court seeking their portions of the Carve-out Fund. The bankruptcy court awarded fees to Carlsmith and Coopers, but not to Feder & Mills. It held that Feder & Mills could not participate in the distribution of the Carve-Out Fund until they released the bank from all future claims. The parties dispute whether Feder & Mills agreed to execute the "Original Release." It is clear, however, that they refused to sign the new form proposed by the bank.
 
 
 9
 Feder & Mills appealed to the district court, which reversed the bankruptcy court and awarded the fees. The district court held that nothing in the record required a general release of the bank as a condition of receipt of the approved pro-rata payment. The bank paid Feder & Mills and then appealed to this court. Feder & Mills moved to dismiss the appeal on the ground that they had been paid and the matter was moot.
 
 DISCUSSION
 I. Mootness
 
 10
 Citing In re International Envtl. Dynamics, Inc., 718 F.2d 322, 326 (9th Cir.1983), Feder & Mills argue that this appeal is moot because it has already received payment and this court is thus unable to fashion effective relief for the bank. In bankruptcy cases, mootness may arise if a comprehensive change in circumstances makes it impossible or inequitable to reverse an action. See id. at 325-26. "Bankruptcy's mootness rule applies when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets," whether the order directly approves the sale or simply lifts the automatic stay. In re Onouli-Kona Land Co., 846 F.2d 1170, 1171 (9th Cir.1988). It does not apply in the case of an erroneous payment of a judgment. See, e.g., In re Cascade Roads, Inc., 34 F.3d 756, 760 (9th Cir.1994).
 
 
 11
 This appeal is not moot because if we hold that the payment was made as the result of an error of law, we can order the payment refunded to the bank so that the bankruptcy may proceed lawfully. See In re International Envtl. Dynamics, 718 F.2d at 326.
 
 II. District Court Jurisdiction
 
 12
 The Bank argues that we should dismiss this appeal because the district court lacked jurisdiction to hear the appeal from the bankruptcy court. A district court may consider an appeal of a bankruptcy court order as a matter of right if the order was a final order, or as a matter of discretion if the order was interlocutory. See 28 U.S.C. § 158(a).
 
 
 13
 In bankruptcy, an order is appealable as a final order if it "resolves and seriously affects substantive rights and finally determines the discrete issue to which it is addressed." In re New Life Health Ctr. Co., 102 F.3d 428, 429 (9th Cir.1996) (emphasis removed). In this case, the bankruptcy court denied Feder & Mill's cross-motion for attorney's fees at the same time it allowed attorney's fees for Carlsmith and Coopers, relying on the fact that Feder & Mills had not presented a proper release. This judgment finally decided that some sort of release was needed to permit payment from the Carve-out Fund. This judgment decided the discrete issue of the need for a release, and it seriously affects the substantive rights of Feder & Mills to payments from the Fund. The district court therefore did not err in considering this order a final order of the bankruptcy court.
 
 
 14
 Both parties are wrong on their dilatory motions. We thus turn to the issue that brings the parties here on appeal.
 
 III. Payment of Attorney's Fees
 
 15
 Whether and under what conditions Feder & Mills is entitled to payment from the Carve-out Fund depends on (1) the supervisory power of the bankruptcy court, and (2) interpretation of any contracts between the bank and the professionals or of any third-party beneficiary rights under contracts between others.
 
 
 16
 After review, we conclude that (1) the Carve-Out Fund was valid and did not require the professionals to execute a release as a condition of payment from the Fund; (2) because the Settlement Agreement never took effect, no contract bound the professionals to satisfy any particular form of release demanded by the Bank; and (3) the bankruptcy court did not have the power to impose the New Release as a condition to payment of an approved fee for work done by counsel and approved by the bankruptcy court.
 
 
 17
 We find no error in the district court order. We express no opinion on the rights and duties of the bank, the trustee, and the professionals in connection with any other claims that may exist or be presented in this still far-from-complete bankruptcy. We note that another interlocutory appeal is proceeding through the appeal process, and nothing decided in this case is intended to preclude questions that may arise in future proceedings in this bankruptcy.
 
 
 18
 AFFIRMED.
 
 
 
 **
 Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3