BY THE COURT:
 

 This appeal arises out of an involuntary chapter 7 bankruptcy petition filed against Alchar Hardware Co. The case was converted from a chapter 7 to a chapter 11 proceeding, and appellee Jeanette Tavormi-na was appointed the chapter 11 trustee. Appellant Alan D. Wiener, in addition to being a landlord and creditor of Alchar, was the principal shareholder and the chief executive officer of Alchar prior to bankruptcy.
 

 On November 1,1979, Alchar and Wiener executed a 15-year lease. At the start of the lease Alchar gave Wiener a deposit of $125,000 to secure Alchar’s obligations under the lease. ‘Under the terms of the lease, rent accrued at $27,440.76 per month, and, except for real property taxes, which were also the obligation of the tenant, the rent was paid through August, 1982. After her appointment on August 11, 1982, the trustee continued to occupy the premises. On October 1, 1982, the bankruptcy court approved the trustee’s rejection of the Wiener-Alchar lease, but the trustee remained on the premises.
 

 Wiener also holds a claim against Alchar. From August, 1980, through October, 1981, Wiener loaned Alchar $133,000. These loans are evidenced by promissory notes, which specify that the lease security deposit of $125,000 was to secure Alchar’s payment of obligations represented by the notes. As of June 25, 1982, when Alchar was placed in involuntary bankruptcy, Wiener had not exercised his right to set off the $125,000 security deposit against Alchar’s obligations, totaling at the time $123,034.
 

 On September 22, 1982, Wiener moved the bankruptcy court, pursuant to 11 U.S.C. Sec. 363(e) (1982), to condition the trustee’s continued and past use of real property owned by Wiener and leased to Alchar upon providing Wiener with adequate protection in the form of cash payments. Specifically, Wiener requested payments commensurate with the lease rental rate of $27,440.76 per month, plus real estate taxes. Wiener therefore demanded
 
 *1388
 
 $54,881.52, plus real estate taxes, to compensate him for the trustee’s use of the premises during September and October. Wiener maintained that his right to set off separate pre-petition debts owed by Alchar against the lease security deposit rendered the security deposit unavailable to secure Alchar’s obligations under the lease and that he was, therefore, no longer adequately protected while the trustee continued in possession.
 

 On October 7,1982, the bankruptcy court ruled against Wiener and concluded that the security deposit adequately protected Wiener’s interest so long as the trustee vacated the premises by November 15, 1982. The court ordered that if the trustee continued in possession after that date she then would be required to pay Wiener $54,-881.52, the sum that would be owed for the use of the premises during September and October. Because Wiener had failed to seek relief from the automatic stay pursuant to 11 U.S.C. Sec. 362(d) (1982) in order to exercise his right of set-off, the bankruptcy court concluded that Wiener’s right of set-off was not properly before the court and would not be considered in determining whether Wiener was adequately protected.
 

 Wiener moved the court to reconsider its order, and after a hearing the court denied this motion. From this denial Wiener appeals. On appeal Wiener contends that the lower court erred in determining that he was adequately protected and in refusing to consider the right of set-off contained in the earlier loans from Wiener to Alchar. We dismiss this appeal.
 

 28 U.S.C. See. 1293(b) (Supp. V 1981) governs appeals from bankruptcy courts to courts of appeals. This section provides that “a court of appeals shall have jurisdiction of an appeal from a
 
 final
 
 judgment, order, or decree of ... a bankruptcy court of the United States if the parties to such an appeal agree to a direct appeal to the court of appeals.” (emphasis added).
 

 A final decision is generally “one which ends the litigation ... and leaves nothing for the court to do but execute the judgment.”
 
 Catlin v. U.S.,
 
 324 U.S. 229, 233-34, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). Obviously the court’s determination of whether one creditor is adequately protected does not end the bankruptcy proceedings surrounding Alchar. Wiener argues, however, that while the lower court’s order does not end the proceedings it fits within the collateral order exception of
 
 Cohen v. Beneficial Industrial Loan Corp.,
 
 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).
 
 [1]
 
 Although the collateral order doctrine emerged under 28 U.S.C. Sec. 1291, we have often relied on finality jurisprudence under section 1291 to guide our finality decisions under section 1293.
 
 See, e.g., International Horizons, Inc. v. Committee of Unsecured Creditors (In re International Horizons, Inc.),
 
 689 F.2d 996, 1000 n. 6 (11th Cir.1982);
 
 Growth Realty Cos. v. Regency Woods Apartments (In re Regency Woods Apartments, Ltd.),
 
 686 F.2d 899, 902 (11th Cir.1982) (use of collateral order doctrine in bankruptcy proceedings);
 
 Collateral Control Corp. v. Deal (In re Covington Grain Co.),
 
 638 F.2d 1357, 1360 (5th Cir.1981) (same).
 

 The present situation resembles fairly closely that in
 
 Cohen,
 
 in which the Court enunciated the collateral order doctrine. In
 
 Cohen
 
 the Supreme Court considered whether a federal court in a diversity action must apply a statute of the forum state that required plaintiffs in shareholder derivative actions to post security to cover expenses of defendants if the action were unsuccessful. 337 U.S. at 543, 69 S.Ct. at 1224. The court held this question reviewable under the collateral order doctrine, but “[i]f the right were admitted or clear and the order involved
 
 only an exercise of discretion as to the amount of security,
 
 a matter the statute makes subject to reconsideration from time to time, appealability would present a different question.”
 
 Id.
 
 at 547, 69 S.Ct. at 1226 (emphasis added).
 

 In the present action Wiener’s statutory right to adequate protection is unquestioned. Wiener complains merely of the
 
 *1389
 
 bankruptcy court’s discretionary determination that, under the facts before the court, he is adequately protected by a security deposit of $125,000. Moreover, section 363(e) allows the owner of property that is to be used by the trustee to petition the court “at any time” and allows the court to condition or prohibit such use “as is necessary” to provide adequate protection, which clearly indicates the bankruptcy court’s determination is not static. This question, therefore, resembles closely one involving a discretionary determination of the “amount of security” in a particular case, which
 
 Cohen
 
 deemed unreviewable. We have no jurisdiction under the
 
 Cohen
 
 collateral order doctrine to review such a determination.
 

 Accordingly, the motion of appellee Ta-vormina to dismiss the appeal is GRANTED.
 

 [1]
 

 . Wiener suggests no other jurisdictional basis.