In re Marvin Leon WARNER, Debtor.

Marvin Leon WARNER, Appellant,

v.

UNSECURED CREDITORS'
COMMITTEE, Appellee.

Bankruptcy Nos. 88–61–Civ–Oc–14,
87–1682–Bk–GP.

United States District Court,
M.D. Florida,
Ocala Division.

Nov. 15, 1988.

Samuel S. Jacobson, Datz, Jacobson & Lembcke, P.A., Jacksonville, Fla., for appellant.

James H. Post, Smith & Hulsey, Jacksonville, Fla., for appellee.

### ORDER

SUSAN H. BLACK, Bankruptcy Judge.

This case came on to be heard on appellant Marvin L. Warner's Notice of Appeal filed in the bankruptcy court on March 7, 1988, which the Court construes as a motion for leave to appeal and the Motion of Unsecured Creditors' Committee to Dismiss Appeal, filed June 28, 1988. Warner filed a response to the Motion To Dismiss on July 27, 1988. The Unsecured Creditors Committee filed a supplemental brief on September 28, 1988. Warner filed supplemental briefs on September 30, 1988, and November 7, 1988.

#### I. *Background*

On October 22, 1987, appellant Marvin L. Warner [hereinafter "Warner"] filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida. On December 15, 1987, Warner filed a motion to dismiss

his bankruptcy petition pursuant to 11 U.S.C. § 1112(b) on the grounds that the bankruptcy court's lifting of the automatic stay with respect to Thomas Tew had "made it impossible for the Debtor to consolidate the pending litigation in this forum and to employ the 'home court rule.'" Bankruptcy Court Memorandum Opinion of February 26, 1988, 83 B.R. 807 (Bankr.M.D. Fla.1988). On February 26, 1988, the bankruptcy court denied the motion to dismiss under 11 U.S.C. § 1112(b) in that dismissal of the case would not be in the best interest of the creditors or the estate. On March 7, 1988, Warner filed a Notice Of Appeal of the bankruptcy court's order. The Unsecured Creditors subsequently filed the instant motion to dismiss the appeal.

The Unsecured Creditors' Committee argues on this motion that this Court has no subject matter jurisdiction over Warner's appeal of the Bankruptcy court's order denying Warner's motion to dismiss the bankruptcy proceeding. In particular, the Unsecured Creditors' Committee argues 1) that the order is not appealable as a matter of right as a final order under 28 U.S.C. § 158(a), 2) that the order does not fall under any of the exceptions to the final order rule, 3) that the Court has no discretion to hear the appeal under 28 U.S.C. § 158(a) and Bankruptcy Rule 8003(c), and 4) that even assuming the Court had discretion to certify the appeal under 28 U.S.C. § 158(a) and Bankruptcy Rule 8003(c), the Court should not use its discretion to certify the appeal. The Court will address each of these arguments.

## II. *The Finality Requirement*

Federal district courts have jurisdiction only over appeals from final orders of the bankruptcy court under 28 U.S.C. § 158(a). That statute provides as follows:

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a).

The Eleventh Circuit Court of Appeals has adopted the traditional interpretation of the term "finality" for purposes of 28 U.S.C. § 158(a). *See In re Martin Brothers Toolmakers, Inc.*, 796 F.2d 1435, 1437 (11th Cir.1986); *In re King Memorial Hospital, Inc.*, 767 F.2d 1508, 1510 (11th Cir. 1985); *In re Tidewater Group, Inc.*, 734 F.2d 794, 795–96 (11th Cir.1984)[1]. A final order is "one which ends the litigation on the merits and leaves nothing for the court to do but execute judgment." *Martin Brothers*, 796 F.2d at 1437; *King*, 767 F.2d at 1510; *Tidewater*, 734 F.2d at 795–96.[2]

The denial of a motion to dismiss in a civil proceeding has traditionally been con-

---

1. The *Tidewater* court construed 28 U.S.C. § 1293(b), the predecessor of 28 U.S.C. § 158(a). The meaning of the term "finality" in each of these statutes is equivalent. *In re Charter Co.*, 76 B.R. 191, 193 n. 1 (M.D.Fla.1987).

2. The Eleventh Circuit approach contrasts with the approach adopted by other circuits. *See In re Delta Services Industries*, 782 F.2d 1267, 1269 (5th Cir.1986) (citing cases from other circuits and noting that the Eleventh Circuit Court of Appeals adheres to the traditional view). These circuits have adopted a more "flexible approach" in finding finality in the context of bankruptcy appeals. This Court, however, has no discretion to depart from established precedent of the Eleventh Circuit and will, therefore, apply the Eleventh Circuit rule.

The Court would note that whether the courts apply a flexible approach or the traditional approach to finality, most courts have found that the denial of a motion to dismiss is a nonfinal order. *See, e.g., Matter of Phillips*, 844 F.2d 230, 235–36 (5th Cir.1988) (creditors' motion to dismiss for debtor's ineligibility for voluntary chapter 7 relief); *Matter Of Greene County Hospital*, 835 F.2d 589, 595–96 (5th Cir.1988) (creditor's motion to dismiss for debtor's ineligibility for voluntary chapter 9 relief); *In re 405 N. Bedford Dr. Corp.*, 778 F.2d 1374, 1377–79 (9th Cir.1985) (creditors' motion to dismiss for debtor's bad faith filing of voluntary chapter 11 petition); *Matter Of Cash Currency Exchange, Inc.*, 762 F.2d 542, 547 (7th Cir.1985) (motion to dismiss by state director of financial institutions of voluntary chapter 11 petitions for lack of jurisdiction of the bankruptcy court); *In re Committee of Asbestos–Related Litigants*, 749 F.2d 3, 4 (2d Cir.1984) (creditors' motion to dismiss debtor's voluntary chapter 11 petition

sidered a nonfinal order. *See Catlin v. United States*, 324 U.S. 229, 236, 65 S.Ct. 631, 635, 89 L.Ed. 911 (1945). *See also Matter of West Coast Computer Services, Inc.*, 6 B.R. 330, 332–33 (M.D.Fla.1980). The policy supporting such an interpretation of the term "finality" is to avoid waste of judicial resources and the delay inherent in piecemeal litigation. *Catlin*, 324 U.S. at 233–34, 65 S.Ct. at 633–34.

The Court finds that the bankruptcy court's denial of Warner's motion to dismiss his bankruptcy petition was not an order which ended the litigation on the merits and left nothing for the bankruptcy court to do but execute judgment. To the contrary, the denial of Warner's motion to dismiss had the effect of permitting the case to continue. Accordingly, the order appealed from was not a final order under traditional concepts of finality. *See Catlin v. United States*, 324 U.S. 229, 236, 65 S.Ct. 631, 635, 89 L.Ed. 911 (1945).

The Court need not apply the tests for finality applied in other circuits. Many of these cases state tests for finality at variance with the Eleventh Circuit rule. *See supra* note 2.[3] The Court will now review the various exceptions to the finality rule.

### III. Exceptions To The Final Order Rule

■ The Eleventh Circuit Court of Appeals has recognized various exceptions to the strict finality requirement in the context of bankruptcy appeals. *See Martin Brothers*, 796 F.2d at 1437. The *Martin Brothers* court stated for example that nonfinal orders may be appealed if 1) the order resolves issues independent and easily separable from the other claims in the action and delayed review would prejudice important interests of the parties, *Martin Brothers*, 796 F.2d at 1437, (*citing Cohen v. Beneficial Industrial Loan*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)) or, 2) the order directs "immediate delivery of physical property and subjects the losing party to irreparable harm" if appellate review is delayed until conclusion of the case, *Martin Brothers*, 796 F.2d at 1437, (*citing Forgay v. Conrad*, 47 U.S. 201, 12 L.Ed. 404 (1847)), or 3) the order even if it is of marginal finality presents a question fundamental to further conduct of the case, *Martin Brothers*, 796 F.2d at 1437, (*citing Gillespie v. Unites States Steel Corp.*, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964)), or 4) the order concludes a particular adversary proceeding within the larger bankruptcy proceeding. *Martin Brothers*, 796 F.2d at 1437, (*citing In re Charter Co.*, 778 F.2d 617 (11th Cir.1985)). The Court will now apply each of these exceptions to the final order rule to this case.

### 1. Collateral Order Exception

Under *Cohen v. Beneficial Industrial Loan*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed.

---

for bad faith filing); *John E. Burns Drilling v. Central Bank Of Denver*, 739 F.2d 1489, 1491–92 (10th Cir.1984) (creditor's motion to dismiss voluntary chapter 11 petition for lack of jurisdiction); *Whaley v. United States*, 76 B.R. 95, 96 (N.D.Miss.1987) (creditor's motion to dismiss debtor's voluntary chapter 12 petition); *In re Hebb*, 53 B.R. 1003, 1005 (D.Md.1985) (creditor's motion to dismiss voluntary chapter 11 petition for bad faith filing); *In re Johns–Manville Corp.*, 39 B.R. 234, 235 (S.D.N.Y.1984) (creditors' motion to dismiss voluntary chapter 11 petition). The Court has discovered only two cases in which a bankruptcy court's denial of a motion to dismiss was considered to be reviewable as a final order. The first of these cases holds that the denial of a motion to dismiss in the bankruptcy court is a final order where appellate review would be irretrievably lost by delayed review. *See Matter of Christian*, 804 F.2d 46, 48 (3d Cir.1986) (creditors' motion to dismiss debtor's voluntary chapter 7 petition for substantial abuse of the bankruptcy code). The other case

holds that denial of a motion to vacate an order for relief is one that effectively divests the debtor of his assets and is therefore final. *See In re Mason*, 709 F.2d 1313, 1317 (9th Cir.1983) (debtor's motion to vacate order for relief on an involuntary petition for lack of jurisdiction).

**3.** It appears that other circuits often review as final orders what the Eleventh Circuit Court Of Appeals would review only as exceptions to the final order rule. Though application of the Eleventh Circuit definition of finality in combination with the various exceptions is often equivalent to application of the broader definition of finality used in other circuits, such will not always be the case. This Court finds it preferable to apply the various narrow exceptions of the final order rule rather than letting the exceptions become the rule. This Court will not broadly expand the meaning of finality or the exceptions to the final order rule without further guidance from the court of appeals.

1528 (1949) an order may be reviewed as a collateral order if it satisfies three conditions:

[1] [i]t must 'conclusively determine the disputed question,' [2] 'resolve an important issue completely separate from the merits of the action,' and [3] 'be effectively unreviewable on appeal from a final judgment.'

*Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed. 2d 340 (1985).

The bankruptcy court order denying Warner's motion to dismiss in this case does not resolve issues independent and easily separable from the other claims in the action. *See Martin Brothers,* 796 F.2d at 1437; *In re Delta Services Industries,* 782 F.2d 1267, 1272 (5th Cir.1986). Whether or not Warner should be able to dismiss his bankruptcy petition after voluntarily filing for chapter 11 relief is not easily separable from the formation and approval of a plan for reorganization. Warner's motion to dismiss is premised on Warner's argument that the creditors would suffer no prejudice if his petition were dismissed. Questions of prejudice to creditors of the estate are not easily separable from questions of the liquidation of those claims and their relative priorities. The bankruptcy court will address such questions throughout the entire bankruptcy proceeding, and it would violate *Cohen's* separability prong for this Court to review issues related to these proceedings on this appeal.[4]

### 2. Immediate Delivery Of Physical Property

Under *Forgay v. Conrad,* 47 U.S. 201, 12 L.Ed. 404 (1847) an order that directs "immediate delivery of physical property and subjects the losing party to irreparable harm" if appellate review is delayed until conclusion of the case constitutes an exception to the final order rule. *Martin Brothers,* 796 F.2d at 1437. This exception to the final order rule was used to justify the holding of *In re Mason,* 709 F.2d 1313,

1318 (9th Cir.1983). In that case a the bankruptcy court's order denying the debtor's motion to vacate order for relief from an involuntary petition was considered on appeal as an exception to the final order rule.

The Court finds that this case is distinguishable from the facts of *Forgay* and *In re Mason.* Unlike those cases, the order appealed from in this case does not itself require the transfer of any property. The denial of Warner's motion to dismiss serves only to maintain the status quo.

### 3. Question Fundamental To Further Conduct Of The Case

A third exception to the final order rule exists under *Gillespie v. Unites States Steel Corp.,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). That exception provides that an order is reviewable on appeal where the order addresses and disposes of a question fundamental to further conduct of the case. *See In re Martin Brothers,* 796 F.2d at 1437. The Court finds that the bankruptcy court's order denying Warner's motion to dismiss does not present a question fundamental to further conduct of the case. To the contrary, it appears that the issues presented in this case are not unlike those presented in many other bankruptcy cases. The Court finds that dismissal of this appeal will have little if any effect on the orderly disposition of these issues by the bankruptcy court.

### 4. Conclusion Of Particular Adversary Proceeding

An order in the context of bankruptcy may be appealed as an exception to the final order rule when the order concludes a discrete adversary proceeding within the larger bankruptcy proceeding. *Martin Brothers,* 796 F.2d at 1437, (*citing In re Charter Co.,* 778 F.2d 617 (11th Cir.1985)). *See also In re Charter Co.,* 76 B.R. 191, 193 (M.D.Fla.1987). The bankruptcy court's order denying Warner's motion to

---

**4.** This Court need not address the third prong of the *Cohen* analysis. This Court like the Fifth Circuit Court of Appeals finds that whether or not Warner would be denied effective review of the order denying his motion to dismiss need

not be addressed where he fails to satisfy the separability prong of the *Cohen* test. *See In re Delta Services Industries,* 782 F.2d 1267, 1273 n. 5 (5th Cir.1986).

dismiss does not conclude a particular adversary proceeding within the larger bankruptcy case. To the contrary, as stated above, the denial of Warner's motion to dismiss allowed the case to continue. In addition the denial of Warner's motion to dismiss applies to the bankruptcy petition as a whole rather than to any single adversary proceeding.

### IV. Discretion Of The Court To Hear Appeals Of Interlocutory Orders

Under 28 U.S.C. § 158(a), a district court may hear an appeal from "interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a). The procedure an appellant must follow to obtain review of an interlocutory bankruptcy order is stated in Bankr. Rule 8003.[5] Bankr. Rule 8003, requires among other things that an appellant file a motion for leave to appeal. Bankr. Rule 8003(a). In the absence of such a motion, however, the district court "shall consider the notice of appeal as a motion for leave to appeal." Bankr. Rule 8003(c).

■ Warner filed a notice of appeal in the bankruptcy court on March 7, 1988, but has to date failed to file a motion for leave

to appeal under Bankr. Rule 8003. The Court shall, therefore, pursuant to Bankr. Rule 8003(c) construe Warner's notice of appeal as a motion for leave to appeal.[6]

### V. Appropriateness Of Discretionary Interlocutory Review

■ Neither the Bankruptcy Code nor the Bankruptcy Rules provide standards for the district court to apply in determining whether or not to review an appeal from an interlocutory order. Courts have, however, relied by analogy on 28 U.S.C. § 1292(b). See Connelly v. Shatkin Inv. Corp., 57 B.R. 794, 795 (N.D.Ill.1986); In re Johns–Manville Corp., 39 B.R. 234, 236 (S.D.N.Y.1984). Section 1292(b) provides that an appeal may be taken from an interlocutory order where the order involves:

(1) a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) ... an immediate appeal ... may materially advance the ultimate termination of the litigation
...

28 U.S.C. § 1292(b).

The Court finds that the order denying Warner's motion to dismiss did not concern a "controlling question of law." See In re Johns–Manville Corp., 39 B.R. 998 (S.D.N.Y.1984); In re Hebb, 53 B.R. 1003, 1006

---

5. That rule provides as follows:
Rule 8003. Leave to Appeal
(a) Content of motion; answer
A motion for leave to appeal under 28 U.S.C. § 158(a) shall contain: (1) a statement of facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto. Within 10 days after service of the motion, an adverse party may file with the clerk an answer in opposition.
(b) Transmittal; determination of motion
The clerk shall transmit the notice of appeal, the motion for leave to appeal and any answer there to the clerk of the district court or the clerk of the bankruptcy appellate panel as soon as all parties have filed answers or the time for filing an answer has expired. The motion and answer shall be submitted without oral argument unless otherwise ordered.
(c) Appeal improperly taken regarded as a motion for leave to appeal

If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider that a motion for leave to appeal be filed provides otherwise, the motion shall be filed within 10 days of entry of the order.
Bankr. Rule 8003.

6. The Court disagrees with the suggestion of the Unsecured Creditors Committee, that 28 U.S.C. § 158(c) requires certification of an appeal by the bankruptcy court before the district court may hear an interlocutory appeal. The requirement of certification by the bankruptcy court, although embraced by certain courts, appears to be contrary to the language of 28 U.S.C. § 158(a) and the greater weight of authority. See In re Bertoli, 812 F.2d 136, 139–40 (3d Cir. 1987). See also Matter of Phillips, 844 F.2d 230, 233 (5th Cir.1988).

(D.Md.1985). The bankruptcy court's finding that dismissal of the bankruptcy petition would prejudice the creditors was primarily a finding of fact. Because the criteria listed in 28 U.S.C. § 1292(b) are conjunctive, and the Court has found an absence of a controlling question of law, the Court must deny interlocutory review. The Court need not analyze the existence or non-existence of the other two criteria listed in 28 U.S.C. § 1292(b).

Accordingly, it is

ORDERED:

1. That the Notice Of Appeal filed on March 7, 1988, in the bankruptcy court, which the Court construes as a motion for leave to appeal, is denied.

2. That the Motion Of Unsecured Creditors' Committee To Dismiss Appeal, filed June 28, 1988, is granted.

3. That the Clerk of Court shall enter judgment dismissing this appeal.

DONE AND ORDERED.