In re E.H. MANN, INC. d/b/a
Warrenton Rubber, Debtor.

KEARNEY–NATIONAL, INC.,
Petitioner,

v.

E.H. MANN, INC., Respondent.

Bankruptcy No. 89–10699.
No. CV190–174.

United States District Court,
S.D. Georgia,
Augusta Division.

Aug. 9, 1990.

Ted H. Clarkson, A. Stephenson Wallace, Trustee in Bankruptcy, Augusta, Ga., Jack Berry, Asst. U.S. Trustee, Savannah, Ga., for petitioner.

James T. Wilson, Augusta, Ga., for respondent.

ORDER

BOWEN, District Judge.

Before the Court is petitioner's "Notice of Appeal And/Or Motion For Leave To Appeal." Petitioner, Kearney–National, Inc. ("Kearney") entered into an agreement styled as a lease with the Development Authority of Warren County ("Authority") whereby Kearney acquired rights in certain real property, personalty and industrial equipment. Kearney financed the acquisition of the property through the Authori-

ty's issuance of bonds. Kearney's agreement with the Authority provided that it would make semi-annual rental payments to the Authority equal to the principal and interest due under the indenture. Once funds sufficient to retire the bonds accumulated, Kearney had the option to purchase the property for one dollar.

Subsequently, Kearney executed an agreement with E.H. Mann ("Mann") incorporating the terms of the primary lease into an agreement styled as a sub-lease. Additionally, Kearney contracted in an "Asset Purchase Agreement" to sell Mann all of its interest in the land, buildings and equipment which was the subject of the primary agreement between the Authority and Kearney.

Mann filed for relief under Chapter 11 of the Bankruptcy Code but failed to accept the lease within sixty (60) days as required by 11 U.S.C. § 365. Kearney moved the bankruptcy court to recover possession of the leased property. After a hearing on the motion, the court converted the case to a Chapter 7; however, the same issue required resolution to determine the property of the bankruptcy estate. Holding that the agreement was a financing transaction not subject to section 365, the Bankruptcy Court denied Kearney's motion. Likewise, the bankruptcy court denied Kearney's subsequent motion for reconsideration. Thus, the property concerned remained part of Mann's estate.

Kearney filed a "Notice Of Appeal And/Or Motion For Leave To Appeal" with this Court pursuant to Bankruptcy Rules 8001 and 8003. In support of its motion, Kearney shows that the trustee is in the process of selling Mann's assets, including the property subject to the lease. Kearney contends that if the agreements are true leases, the trustee has no authority to transfer the property subject to the lease. Kearney argues that a prompt resolution of this controversy is necessary for an orderly liquidation of the estate. Furthermore, Kearney contends the bankruptcy court's characterization of this type of agreement as a "sale" creates uncertainty as to many similar agreements relied on by development authorities, private companies, and bondholders throughout the state and that this uncertainty should be clarified as soon as possible.

The threshold question is whether this Court has jurisdiction to hear an appeal from a bankruptcy order that characterizes an agreement as a sale.

In deciding whether a bankruptcy court's order is appealable, the district court must first determine whether the order is final or interlocutory. *In re Charter Co.*, 778 F.2d 617 (11th Cir.1985); *In re Warner*, 94 B.R. 734 (M.D.Fla.1988). If final, the court grants appeal as a matter of right. If interlocutory, the district court may grant leave to appeal. 28 U.S.C. § 158; *See In re Charter, supra.*

An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. U.S.*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945); *In re Alchar Hardware, Co.*, 730 F.2d 1386, 1388 (11th Cir.1984). In bankruptcy, however, finality is defined with respect to "the particular adversary proceeding or controversy ... rather than the entire bankruptcy litigation." *In re Charter Co.*, 778 F.2d at 621; *In re Saco Local Development Corp.*, 711 F.2d 441, 443–46 (1st Cir.1983); *In re Moody*, 817 F.2d 365, 367 (5th Cir.1987). Therefore, "the separate dispute being assessed must have been finally resolved and leave nothing more for the bankruptcy court to do." *In re Charter Co.*, 778 F.2d at 621; *Borg–Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1309 (11th Cir.1982). Furthermore, for appeal purposes in bankruptcy, what constitutes a "separate dispute" is defined liberally. *In re Leimer*, 724 F.2d 744, 745 (8th Cir.1984); *In re Moody*, 817 F.2d at 367.

▮ Moreover, certain doctrines have developed that further define finality for purposes of appeal. Under the collateral doctrine, a bankruptcy order is immediately appealable if it is independent of other claims in the action, immediate review is necessary to protect important interests of any party, and if pragmatic rather than technical considerations favor appeal. *Co-*

*hen v. Beneficial Industrial Loan,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *In re Martin Bros. Toolmakers, Inc.,* 796 F.2d 1435, 1437 (11th Cir.1986). Immediate review is also appropriate where an order mandates immediate delivery of physical property and exposes the losing party to irreparable harm if appellate review is postponed until the conclusion of the litigation. *Forgay v. Conrad,* 47 U.S. (6 How.) 200, 12 L.Ed. 404 (1847); *In re Charter,* 778 F.2d at 622; *In re Mason,* 709 F.2d 1313, 1318 (9th Cir.1983). Finally, under *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), "an order of marginal finality should be reviewed if the question presented is fundamental to further conduct in the case." *In re Martin Bros. Toolmakers, Inc.,* 796 F.2d at 1437. Thus, finality is a "flexible concept" that must give way to practical considerations. *Id.*

Under 28 U.S.C. § 158(a), district courts have discretion to grant leave to appeal from interlocutory bankruptcy orders. Because section 158(a) contains no guidelines as to the exercise of this discretion, district courts look to circuit court standards governing interlocutory appeals under 28 U.S.C. § 1292(b). *In re Charter,* 778 F.2d at 620, n. 5; *In re Tidewater Group, Inc.,* 22 B.R. 500, 506 (N.D.Ga.1982), aff'd 734 F.2d 794 (11th Cir.1984); *In re Warner,* 94 B.R. 734, 738 (M.D.Fla.1988). Section 1292(b) allows appeal from an interlocutory order if the order involves:

(1) a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) ... an immediate appeal ... may materially advance the ultimate termination of the litigation ...

28 U.S.C. § 1292(b); *In re Warner,* 94 B.R. at 738.

■ In exercising its discretion to hear bankruptcy appeals, the district court must balance the costly effects of piecemeal litigation with the danger of unfair prejudice to a party denied his appeal. *In re Martin Bros. Toolmakers, Inc.,* 796 F.2d at 1437. Because bankruptcy proceedings are protracted and involve multiple claimants, the district court should generally take an "accommodative approach" toward bankruptcy appeals to avoid rendering a distribution or plan "purely contingent until completion of appeals after conclusion of the case." *Id.; In re White Beauty View, Inc.,* 841 F.2d 524, 526 (3rd Cir.1988).

■ Upon review of the bankruptcy court's two orders, that the bankruptcy court finally resolved classification of the agreement is apparent. "An order in the context of bankruptcy may be appealed as an exception to the final order rule when the order concludes a discrete adversary proceeding within the larger bankruptcy proceeding." *In re Warner,* 94 B.R. at 737; *see also In re Charter,* 778 F.2d at 621. In its March 1st order, the bankruptcy court construed the agreement as a sale. In its March 19th order, the bankruptcy judge unequivocally affirmed his initial order. There was no hint that the Court might revisit the issue, or that the issue was otherwise unresolved in any way. *Compare with In re Charter Co.,* 778 F.2d at 621–22 (where the bankruptcy court expressly left an issue open for revisitation the order was not final). Because the dispute as to the construction of the agreement was resolved inasmuch as the bankruptcy court is concerned, the orders are final. I need not look to the doctrinal exceptions to the finality rule or my discretionary options in deciding the appealability of the two orders. This Court has appellate jurisdiction. Accordingly, Kearney's motion is GRANTED.

Having granted the motion for leave to appeal, the clerk is directed to enter the appeal and notify the parties as to the date the appeal was entered. Pursuant to Bankruptcy Rule 8009, the appellant will have fifteen (15) days to file and serve its brief. The appellee will have fifteen (15) days to respond.

ORDER ENTERED.