In re Mark V. BASHER, Debtor.

Mark V. Basher, Plaintiff,

v.

United States of America, Dept. of the Treasury, Internal Revenue Service, Defendant.

Bankruptcy No. 02–12328DWS.
Adversary No. 02–0346.

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 3, 2003.

---

Michael Kaliner, Fairless Hills, PA, for Plaintiff.

Jennifer L. Best, U.S. Department of Justice, Ben Franklin Station, Washington, DC, for Defendant.

### MEMORANDUM OPINION

DIANE WEISS SIGMUND, Bankruptcy Judge.

Before the Court is the Motion of the Internal Revenue Service ("IRS") for Entry of Judgment Pursuant to Federal Rule of Bankruptcy Procedure 9021 (the "Motion"). For the reasons stated herein, the Motion is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

This adversary action came to the Court on the Complaint of the debtor Mark V. Basher ("Debtor") to determine the secured status of the claim of the IRS pursu-

ant to 11 U.S.C. § 506(a). After a trial on the matter, I entered an Order and Memorandum Opinion on December 3, 2002, determining components of the secured claim, *i.e.*, the value of the Debtor's rental real estate and personal property. *Basher v. United States (In re Basher)*, 2002 WL 31856712 (Bankr.E.D.Pa. Dec.3, 2002) (*"Basher I"*). However, I concluded that the parties had not adequately briefed their respective views on the valuation of the Debtor's tenancy-by-the-entirety interest in the marital residence located at 70 Forrest Drive, Holland, Pennsylvania (the "Residence") which also secured IRS' claim.[1] Accordingly, I requested and received legal memoranda that set forth each litigant's position with respect to this legal issue contemplating that a further order would be entered.[2] *Id.* at *4.

On March 28, 2003, I issued my second opinion in this adversary action, *Basher v. United States (In re Basher)*, 291 B.R. 357 (Bankr.E.D.Pa.2003) (*"Basher II"*). There I held that the Debtor's tenancy-by-the-entireties interest was fifty percent (50%) of the equity in the Residence (*i.e.*, $50,720.27) subject to adjustment to reflect the younger age and longer life expectancy, and therefore greater survivorship interest, of his wife. Fine tuning the number required reference to joint-life actuarial tables based on the parties' respective ages. *Id.* at 364. Citing the Supreme Court's validation of U.S. Treasury tables

in determining these interests, I noted that had the either of the parties produced such tables, I would have made the calculation. *Id.* However, because such tables had not been produced I was not able to determine the exact amount of the Debtor's interest in the Residence. *Id.*

Nevertheless, having determined the methodology for valuing that interest, I entered a separate Order determining the secured status of the IRS claim as follows:

> **AND NOW,** this 28th day of March 2003, upon consideration of the Complaint of the debtor Mark V. Basher ("Debtor") to determine secured status of the claim of the Internal Revenue Service ("IRS") pursuant to 11 U.S.C. § 506(a) and after notice and hearing, and for the reasons stated in the accompanying Memorandum Opinion;
>
> It is hereby **ORDERED** that the Internal Revenue Service shall have an allowed secured claim consisting of (1) $45,000 based on the value of the Rental Property; (2) $1,107 representing the value of the personal property and (3) $50,720.27 less such sum as will properly adjust the value of Debtor's interest from 50% to a percentage reflective of his survivorship interest as measured by applicable joint-life mortality tables.

---

1. I concluded that the Debtor owned the Residence as tenant by the entireties with his wife, Marcella, and rejected the attempt of the IRS to set aside as a fraudulent conveyance the Debtor's transfer of an interest in the Residence to her. *Id.* at *2–3.

2. I explained as follows:
   Given the importance of the dispositive valuation issue, I am reluctant to render a judgment without the parties' weighing in on these questions. While I offered the IRS and Debtor an opportunity to file post—

trial briefs, neither addressed the one most significant issue presented by the Complaint, *i.e.*, the value of property held as tenants by the entireties to which the IRS' liens attach. Accordingly, I will leave that issue open to afford another opportunity to the parties to elaborate on their respective positions on this difficult and significant issue.
2002 WL 31856712, at *5. Notably I made clear that the adversary case was not yet resolved.

Order dated March 28, 2003 (the "March 28 Order"). Having determined the means by which the Debtor's interest in the Residence should be precisely valued, no further action was contemplated in this adversary action. As I stated in the Memorandum Opinion,

Thus, once again I reach the conclusion of my analysis unable to completely adjudicate the pending matter. However, to assist the parties, with the hope that this decision and *Basher I* may offer a roadmap to resolving the entire dispute, I will summarize what I have decided. The collateral securing the IRS claim consists of three components: the Rental Property which I have valued at $45,000, the personal property which the Debtor has a value of $1,107 and the Residence to which a value has not been ascribed. In fixing value on the Debtor's interest in the Residence, I have rejected the Debtor's theory that it is to be based on the value to be obtained for a survivorship interest in the open market. However, neither do I accept the IRS' valuation at 50% of equity in the Residence as it does not appear to give any consideration to the impact of the lesser value of Debtor's survivorship interest vis a vis Marcella.

A consolidated hearing on confirmation of Debtor's Chapter 13 plan (the "Plan") and the Chapter 13 trustee's motion to dismiss is scheduled for April 10, 2003. As the Plan provides that the IRS's secured claim shall be determined pursuant to § 506(a) and it has not, presumably the Chapter 13 trustee shall be unable to recommend confirmation, and *absent agreement by the parties or fur-*

*ther evidence at the confirmation hearing,* the Plan cannot be confirmed.... These matters shall be addressed at the aforementioned hearing on April 10, at which I expect the Debtor, the IRS and the Chapter 13 trustee to present such evidence as may be necessary to determine the matters still pending, *i.e.,* confirmation and the motion to dismiss.

I was therefore somewhat perplexed when the parties subsequently filed a stipulation under this adversary caption liquidating the Debtor's interest in the Residence to a sum certain.[3] Since there was no pending issue before me in the adversary case, a stipulation was not contemplated. On the other hand, confirmation of the Chapter 13 case did require a precise number. Had the parties not agreed using the formulation provided in Basher II, confirmation would have eluded the Debtor, a reality I noted in Basher II. However, that failure to agree would not have required further litigation in the adversary proceeding. The secured claim of the IRS was for all intents and purposes determined.

The IRS now requests that I issue a "final order" in this adversary action so that it may appeal the adversary action to the district court. Presumably the one issue not being appealed is the application of the joint-life actuarial tables to determine the precise valuation of the Residence since the parties have stipulated to that number. The Debtor opposes the Motion, taking the position that the March 28 Order *is* the final order in this adversary action and that the time for appeal has therefore long passed. *See* Fed. R. Bankr.P. 8002.[4] Having reviewed the par-

---

**3.** Indeed when the Stipulation was filed with the adversary number affixed, I instructed the Clerk to file it in the main case based on my view that the adversary proceeding had been concluded. I also advised the parties of my view when they informed me in open court

that they had agreed to a final number and had filed a Stipulation so stating.

**4.** This rule states that a notice of appeal must be filed with the clerk within ten days of the entry of the order appealed from. Fed. R.

ties' respective memoranda, I agree with the Debtor for the reasons stated below.

## DISCUSSION

▋ The district courts of the United States have jurisdiction to hear appeals from, *inter alia,* "final judgments, orders, and decrees" of the bankruptcy courts. 28 U.S.C. § 158(a)(1).[5] "[I]n assessing the finality of a bankruptcy court order adjudicating a specific adversary proceeding, [district and appellate courts] apply the same concepts of appealability as those used in general civil litigation." *Natale v. French & Pickering Creeks Conservation Trust, Inc. (In re Natale),* 295 F.3d 375, 379 (3d Cir.2002) (*quoting Clark v. First State Bank (In re White Beauty View, Inc.),* 841 F.2d 524, 526 (3d Cir.1988)).[6] In that context, a final order is one which " 'ends the litigation on the merits and leaves nothing [for the court] to do but execute the judgment.' " *Virgin Islands v. Rivera,* 333 F.3d 143, 150 (3d Cir.2003) (*quoting Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)); *Bethel v. McAllister Bros., Inc.,* 81 F.3d 376 (3d Cir.1996).

With this standard in mind, I turn to the instant adversary action. It was initiated by the Debtor and sought but one thing: a determination of the IRS' secured claim. The Debtor requested no other relief, nor did the IRS file a counterclaim.[7] The March 28 Order in turn holds that the IRS has a secured claim consisting of (1) $45,000 based on the value of the Rental Property; (2) $1,107 representing the value of the personal property and (3) $50,720.27 (based on the value of the Residence) less such sum as will properly adjust the value of Debtor's interest from 50% to a percentage reflective of his survivorship interest as measured by applicable joint-life mortality tables. The IRS argues that this order is not final because it fails to liquidate the Debtor's interest in the Residence to a final number, thus leaving the outstanding claim at issue. I respectfully disagree.

▋ While it is true as a general rule that a judgment which finds liability but does not determine damages is not final, *see In re White Beauty View,* 841 F.2d at 526 (providing examples of non-final orders), the IRS has not addressed an important finality doctrine recognized in this circuit. Sometimes referred to as the "Forgay–Conrad" doctrine[8] or the "practical finality rule," it recognizes that "an

Bankr.P. 8002(a). Thus, if the Debtor is correct, the last date to appeal this adversary proceeding was April 11, 2003.

5. There are also certain interlocutory appeals under § 158 which are not relevant here. *Id.*

6. The IRS identifies several factors used to determine the finality of bankruptcy orders generally. *See Century Glove, Inc. v. First American Bank,* 860 F.2d 94, 97 (3d Cir. 1988). It is true that finality is viewed more pragmatically in the context of orders issued in the main bankruptcy case and such factors may assist the court. *Id.; Commerce Bank v. Mountain View Village,* 5 F.3d 34, 36–37 (3d Cir.1993). "Despite that relaxed view, the general antipathy toward piecemeal appeals still prevails in *individual adversary actions.*"

*In re White Beauty View,* 841 F.2d at 526 (emphasis added). The factors raised by the IRS are simply not relevant to orders issued in adversary actions, as recognized by another cased cited by the IRS. *See Kearney–National, Inc. v. E.H. Mann (In re E.H. Mann),* 118 B.R. 895, 897 (S.D.Ga.1990) (Court need not examine doctrinal exceptions to finality where order concludes adversary action).

7. To the extent that the IRS tried to raise an untimely fraudulent conveyance claim, I rejected it both on procedural grounds and on its merits. *Basher I,* 2002 WL 31856712 at *2.

8. So named after the Supreme Court case, *Forgay v. Conrad,* 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848).

order is final even if it does not reduce the damages to a sum certain if 'the order sufficiently disposes of the factual and legal issues and [if] any unresolved issues are sufficiently 'ministerial' that there would be no likelihood of further appeal.' " *Apex Fountain Sales, Inc. v. Kleinfeld*, 27 F.3d 931, 936 (3d Cir.1994) (*quoting Polychrome Int'l Corp. v. Krigger*, 5 F.3d 1522, 1544 n. 52 (3d Cir.1993)); *accord Marshak v. Treadwell*, 240 F.3d 184, 191 (3d Cir. 2001).

Applying this exception, the Third Circuit Court of Appeals has held that unresolved issues such as gathering readily ascertainable figures or conducting simple calculations not subject to dispute are sufficiently "ministerial" so as to render final an order that otherwise disposes of the contested legal and factual issues. In *United States v. Brook Contracting Corp.*, 759 F.2d 320, 321 (3d Cir.1985), a district court order granting summary judgment was held to be a final order notwithstanding that it did not liquidate damages to a final sum because such a figure could "be readily determined by reading the complaint, the motion for summary judgment, and the July order in conjunction with one another." *Id.* at 323. In *Hattersley v. Bollt*, 512 F.2d 209 (3d Cir.1975), a district court order directing contribution between equally liable tortfeasors which did not specify the exact amount to be paid by one joint tortfeasor to the other was held to be final "because the judgment fixes [the joint torfeasor's] ultimate liability and clearly establishes the parameters of that liability." *Id.* at 213. *But see Marshak v. Treadwell*, 240 F.3d 184, 191 (3d Cir.2001); *Apex, supra* (both holding that orders which required complex or highly contested accountings were not final).

Here the methodology of determining the Debtor's interest in the Residence, by reference to applicable actuarial tables, was so mechanical and uncontroversial so as to be a "ministerial" task within the meaning of the Forgay–Conrad doctrine. The IRS now asserts that there was "the possibility that questions and/or disputes may have arisen about the calculation and amount of Debtor's interest." United States' Memorandum of Points and Authorities in Response to Court Order at Hearing on June 12, 2003 ("IRS Mem.") at 4. However, it provides no basis for this assertion, which is belied by the speed with which the parties stipulated to the liquidated amount.[9]

The IRS also focuses too specifically on selected language in my opinion: "I reach the conclusion of my analysis unable to completely adjudicate the pending matter." *Basher II*, 291 B.R. at 366. When read in the context of that entire section of the opinion, it is clear that I simply did not consider it necessary to determine a final number. More importantly, nothing in my Opinion or the March 28 Order indicated that I would be revisiting the valuation of the Residence in this adversary action. I requested no supplemental memoranda, the record was not reopened, and no further proceedings were scheduled. *Compare In re E.H. Mann, supra*, 118 B.R. at 897 (bankruptcy court order construing contract that was subject of adversary action as a sale agreement was final where "there was no hint that the Court might revisit the issue, or that the issue was otherwise unresolved in any way"). In short, upon entry of the March 28 Order, there was simply nothing left for the Court to do in the adversary action. The liquidated amount of the IRS claim with re-

---

**9.** Moreover, the Stipulation was entered and filed on April 10, 2003. It was not accompanied by a request for entry of a final judgment or indeed any action by the Court. That request was not forthcoming until the Motion was filed on May 13, 2003.

spect to the Residence could conceivably be relevant at confirmation in the main bankruptcy case, but as the IRS acknowledges in its own memorandum: "It is generally the particular adversary proceeding or controversy that must have been finally resolved, rather than the entire bankruptcy litigation." IRS Mem. at 2 (*quoting Charter Co. v. Prudential Insurance Co. of America*, 778 F.2d 617, 621 (11th Cir. 1985)). *See also White Beauty View*, 841 F.2d at 526 (*quoting Charter*).

## CONCLUSION

A prudent litigator files a timely appeal from an order that is not clearly interlocutory, thus preserving his rights. If he is wrong, at worst he faces dismissal for lack of appellate jurisdiction and he is therefore free to appeal when a final order is issued. Such was the course taken by the appellant in one of cases cited by the IRS. *See In re E.H. Mann, supra*, (appellant filed "notice of appeal and/or motion for leave to appeal," seeking finality determination from the district court). Here, the IRS unilaterally determined that the March 28 Order was not final. It did so at its own peril. The March 28 Order adjudicated all claims in this adversary action, leaving only the ministerial task of referencing actuarial tables to arrive at a sum certain. As such, it is a final order, and the Motion must be denied.

An Order consistent with this Opinion shall enter.

### *Order*

**AND NOW,** this 3rd day of September 2003, upon consideration of the Motion of the Internal Revenue Service ("IRS") for Entry of Judgment Pursuant to Federal Rule of Bankruptcy Procedure 9021 (the "Motion"), and after notice and hearing, and for the reasons stated in the accompanying Memorandum Opinion;

It is hereby **ORDERED** that the Motion is **DENIED.**