In re: **BRICKELL INVESTMENT CORP., Debtor.**

In re **DADE HELICOPTER JET SERVICE, INC., Debtor.**

In re **TROPICAL HELICOPTER AIRWAYS, INC., Debtor.**

Bankruptcy Nos. 87–02413–BKC–SMW, 87–02380–BKC–SMW and 87–02379–BKC–SMW.

United States Bankruptcy Court, S.D. Florida, Miami Division.

Feb. 13, 1989.

D. Jean Ryan, Arthur Rice, Miami, Fla., for debtors.

Clinton Mars, Washington, D.C., Terry Mitchel, Miami, Fla., for IRS.

Sidney A. Soltz, Tax Counsel, Miami, Fla.

## MEMORANDUM DECISION ON DEBTORS IN POSSESSION'S MOTION TO TAX COSTS AND ATTORNEYS FEES AGAINST INTERNAL REVENUE SERVICE AND SETTING FURTHER EVIDENTIARY HEARING

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on before the Court upon the debtors in possession's Motion to Tax Costs and Attorneys Fees Against the Internal Revenue Service, ("IRS"), and the Court having considered the arguments of counsel, and being otherwise duly advised in the premises, does hereby make the following findings of fact and conclusions of law:

Prior to the initiation of these consolidated bankruptcy cases, the IRS had secured federal tax liens, arising from unpaid employment taxes, as against DADE HELICOPTER, INC., ("DHI"), DADE HELICOPTER SERVICE, INC. ("DHS") and TROPICAL HELICOPTER, INC. ("THI").

As set forth in the caption of this case, the debtor entities have corporate names similar to the non-debtor companies.

The IRS, based upon an alter ego theory, made a pre-petition "nominee assessment" against two of the debtor corporations, for the employment taxes owed by the non-debtor entities. In furtherance of this "nominee assessment" the IRS seized essentially all of the debtors' assets, including, but not limited to, a Bell Jet Ranger Helicopter, various operating bank accounts, and checks held in the office location that had not yet been deposited. This levy and seizure caused the immediate shut down of the debtors' total business operations.

The debtor corporations were forced to file emergency petitions for relief under Chapter 11 of the Bankruptcy Code. Im-

mediately thereafter, the debtors filed an adversary complaint seeking to recover the property that was wrongfully seized. Pursuant to an agreement between the parties, and as ratified by an order of this Court, the IRS ultimately agreed to return the helicopter, subject to various conditions that would protect the IRS's asserted lien position under the "nominee" levy.

Subsequently, the IRS filed proofs of claims against DADE HELICOPTER JET SERVICE and TROPICAL HELICOPTER AIRWAYS, INC., in the amount of $52,039.86. The debtors' filed objections to the claims, on the basis that they were for tax liabilities of entities that were separate and distinct from the debtor corporations, and that the debtor companies were not liable for said obligations. By virtue of the hearing on these objections, and as more thoroughly set forth in the order of this Court, the Court found that the IRS was totally unjustified in making the "nominee assessment" and the resulting levy and seizure, based on an alter ego theory. Accordingly, the IRS claims were stricken and the IRS was ordered to return to the debtors any excess payments made over and above liabilities actually owed by the debtor entities. (See *In re Brickell Investment Corp.*, 85 B.R. 164 (Bankr.S.D.Fla.1988).

Following entry of the order on the objections to claims, the IRS filed a timely motion for rehearing. Based upon an agreement between the parties, the Court amended the previous order by striking only those claims that were based upon the "alter ego" or "nominee liability" theories and allowing the IRS to file amended claims based upon the liabilities actually owed by the debtor entities.

On December 1, 1988, the IRS filed amended claims against the debtor corporations. The Court is now advised that the parties are trying to amicably resolve their assertion of, and objection to, these amended claims.

In the interim, substitued attorneys for the debtors in possession filed a second amended plan of reorganization which was confirmed by the Court. The order confirming this amended plan reserved juris-diction of the Court to consider the debtors' complaint to tax costs against the IRS, and to consider further objections to claims.

On December 22, 1988, the debtors filed this motion to tax costs and attorneys fees pursuant to 26 U.S.C. § 7430. In response thereto, the IRS simultaneously filed an opposition to said motion, and a motion for enlargement of time to file further opposition and memorandum of law in support thereof. The IRS's motion for enlargement of time was denied, and the issues were bifurcated, with the Court to first consider the debtors' legal entitlement to the assessment of said costs and fees. The amount of said fees and costs were to be determined by further evidentiary hearing, if deemed necessary.

It is the position of the IRS that the debtors are not legally entitled to a judgment for fees and costs, pursuant to 26 U.S.C. § 7430, for the following reasons:

1. The debtors in possession's motion is untimely;

2. The debtors in possession have failed to exhaust administrative remedies; and

3. The debtors in possession have failed to demonstrate that the actions of the IRS were not substantially justified.

The preamble to 26 U.S.C. § 7430 allows a prevailing party to be awarded a judgment for reasonable litigation costs in connection with a court proceeding which is brought against the United States, to determine, collect, or seek the refund of any tax, interest or penalty, under Title 26 of the United States Code. (See 26 U.S.C. § 7430(a)).

Under this section, a "prevailing party" is defined as:

"(A)" IN GENERAL–The term "prevailing party" means any party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved)—

(i) which establishes that the position of the United States in the proceeding was not substantially justified,

(ii) which—

(I) has substantially prevailed with respect to the amount in controversy, or

(II) has substantially prevailed with respect to the most significant issue or set of issues presented, and

(III) which meets the requirement of the 1st sentence of § 2412(d)(1)(B) of Title 28, United States Code (as in effect on October 22, 1986), except to the extent differing procedures are established by rule of court and meets the requirements of § 2412(d)(2)(B) of such Title 28 (as so in effect) ..."

26 U.S.C. § 7430(c)(2)(A).

Section 2412(d)(1)(B) of Title 28, further provides:

A party seeking an award of fees and other expenses shall, *within thirty days of final judgment in the action,* submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party, stating the actual time expended and the rate at which fees and other expenses are computed ... (emphasis added).

Further, Federal Rule 54(d) and Rule 10(F) of the Rules of Civil Procedure for the United States District Court for the Southern District of Florida provides that a motion to tax costs and fees shall be filed no later than thirty (30) days following the entry of final judgment or other final dispositive order. (See also *Knighton v. Watkins,* 616 F.2d 795 (5th Cir.1980), *Obin v. District No. 9 of the International Association of Machinist and Aerospace Workers,* 651 F.2d 574 (8th Cir.1981) and *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982)). [The rule of law established in these cases is that Federal Rule of Civil Procedure 59(e), wherein service of a motion to amend judgment is required to be filed not later than ten (10) days after final judgment, does not apply to post-judgment request for attorneys fees, which must be filed within the time prescribed by local rule].

The issue of what constitutes a "final dispositive order" on orders objecting to claims, sufficient to toll the running of the thirty (30) day period, has previously been considered in the bankruptcy context. It is axiomatic that a bankruptcy court order will be considered "final" if it conclusively determines a separate dispute over a creditor's claim or priority, so that no further litigation involving the creditor is necessary. *In re Saco Local Development Corp.,* 711 F.2d 441 (1st Cir.1983); *Providers Benefit Life Insurance Co. v. Tidewater Group, Inc., (In re Tidewater Group, Inc.),* 734 F.2d 794 (11th Cir.1984); *Charter Company v. Prudential Insurance Co. of America, (In re Charter Co.),* 778 F.2d 617, 621 (11th Cir.1985); *Charter Company v. Petroleos Mexicanos, (In re Charter Company),* 76 B.R. 191 (M.D.Fla. 1987).

Although courts "take a more liberal view of what constitutes a separate dispute ..." in bankruptcy cases, *In re Leimer,* 724 F.2d 744, 745, (8th Cir.1984), the separate dispute being assessed must have been finally resolved and leave nothing more for the bankruptcy court to do. *Prudential, supra.,* at 621, citing *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1309 (11th Cir.1982); *In re Leimer, supra.* at 745.

It is also well established that an order allowing the filing of a late proof of claim does not constitute a final order. *Petroleos, supra.,* at 193 and *In re X–CEL, Inc.,* 68 B.R. 181 (N.D.Ill.1986).

■ In the instant case, the original order of this court resulted in a "final dispositive order" in that the claims of the IRS were completely stricken. (See *Walsh Trucking Co., Inc. v. Insurance Co. of North America,* 838 F.2d 698 (3rd Cir. 1988)). However, on rehearing, the IRS was permitted to file an amended claim. The Court had previously reserved jurisdiction to object to further claims, and the debtor still has the opportunity to contest the validity and/or amount of same. This court adopts the reasoning as set forth in the *Petroleos* and *X–CEL* cases, and finds that there has been no "final dispositive

order" on the objection to the IRS claim. Accordingly, this Court further finds that the motion to tax costs and attorneys fees, which was filed within thirty (30) days of the filing of the amended claim, constitutes a timely motion for said assessments.

■ The second objection is that the debtors are barred from trying to tax costs and fees against the IRS because they have failed to exhaust the administrative remedies required by statute. The relevant language reads:

"(b) LIMITATIONS—

(1) REQUIREMENT THAT THE ADMINISTRATIVE REMEDIES BE EXHAUSTED—A judgment for reasonable litigation costs shall not be awarded under subsection (a) in any court proceeding unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service ..." 26 U.S.C. § 7430(b)(1).

In the instant case, there were no administrative remedies available to the debtors, under the circumstances of this case. The wrongful seizure by the IRS caused the complete cessation of the debtors' business. By their own actions, the IRS barred any meaningful potential the debtors may have had to resolve this dispute through administrative channels.

Congress enacted the Bankruptcy Code to provide a prompt resolution of all bankruptcy causes of action in order to expedite the settlement of the debtors' estate. *Nordberg v. Granfinanciera, (In re Chase & Sanborne Corp.)*, 835 F.2d 1341 (11th Cir.1988). It was intended that the Bankruptcy Court be a "one stop" court wherein all matters regarding the debtor's financial affairs are handled. The court finds that strict application of § 7430(b)(1), under the circumstances of this case, would be unduly burdensome and time consuming for the debtor, and in direct contravention of the purpose of the Bankruptcy Code. The court further finds that under the particular circumstances of this case, the requirement that the taxpayer exhaust administrative remedies is unnecessary.

■ The IRS's final objection is that the debtor has failed to establish that the actions of the United States were not substantially justified, as required by § 7430(c)(2)(A)(i). However, once the IRS takes an action that leaves the taxpayer no alternative other than a judicial remedy, that action constitutes a "position of the United States". (See *Weiss v. Commissioner*, 850 F.2d 111, 88–2 USTC Paragraph 9419, (2nd Cir.1988). The Court recognizes that the law of this case, as set forth in the previous order of this Court, establishes that the IRS's actions in making a nominee assessment, levy and seizure based upon an alter ego theory, were totally unjustified. The court further finds, that under the circumstances of this case, the debtors had essentially no alternative but to initiate these bankruptcy proceedings and seek the immediate return of the business assets. These findings are in direct contravention to the IRS's position that the debtors have failed to prove that the actions and position of the United States were not substantially justified. Accordingly, the IRS's position, as to this issue, is totally without merit.

In summary, the Court overrules the objections of the IRS, and finds that the debtors are entitled to an assessment of costs and attorneys fees, as against the IRS pursuant to 26 U.S.C. § 7430. The debtors have established that the position of the IRS was unreasonable, and have substantially prevailed with respect to the amount in controversy and the issues presented. A further evidentiary hearing shall be held to determine the amount of fees and costs to be assessed against the IRS, for the reasons as set forth herein.

Accordingly, it is

ORDERED AND ADJUDGED as follows:

1. DADE HELICOPTER JET SERVICE, INC. and TROPICAL HELICOPTER AIRWAYS, INC., are entitled to an assessment of attorneys fees and costs, as

against the IRS, under the statutory authority of 26 U.S.C. § 7430; and

2. A further evidentiary hearing shall be held on February 17, 1989 at 9:30 a.m. at 51 S.W. First Avenue, Courtroom 1409, Miami, Florida to determine the amount of fees and costs to be so assessed.

DONE AND ORDERED.