In re **BRICKELL INVESTMENT CORP.,** Dade Helicopter Jet Service, Inc., and Tropical Helicopter Airways, Inc., Debtors.

**INTERNAL REVENUE SERVICE,**
Appellant,

v.

**BRICKELL INVESTMENT CORP.,** Dade Helicopter Jet Service, Inc., and Tropical Helicopter Airways, Inc., Appellees.

Nos. 89–0715–CIV, 89–1051–CIV.

United States District Court,
S.D. Florida.

May 24, 1994.

Jose Francisco de Leon, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for appellant.

D. Jean Ryan, Miami, FL, for appellees/debtors.

***ORDER ACCEPTING AND APPROVING IN PART BANKRUPTCY COURT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO DEBTORS' MOTION TO TAX COSTS AND ATTORNEYS' FEES AGAINST INTERNAL REVENUE SERVICE AND GRANTING IN PART OBJECTIONS THERETO BY THE INTERNAL REVENUE SERVICE***

ARONOVITZ, District Judge.

Let the record reflect to an absolute certainty that this Opinion/Order is not entered by a ghost—but by a *real* Senior United States District Judge for the Southern District of Florida following a *de novo* review of:

A. The 66–page transcript of an evidentiary hearing on remand dated August 10, 1993 (Tr. consisting of 66 pages);

B. The PROPOSED Findings of Fact (sic) and Conclusions of Law Issued on Remand of Appeal (consisting of 26 pages);

C. Objections of Internal Revenue Service to Proposed Findings of Fact and Conclusions of Law Issued on Remand of Appeal (consisting of 42 pages); and

D. Debtors'/Appellees' Response to Objections of Internal Revenue Service to Proposed Findings of Fact and Conclusions of Law Issued on Re-

mand of Appeal (consisting of 50 pages).

Whether reviewed *de novo* or by the clearly erroneous standard of proof or otherwise, it is the finding and conclusion of this Court hereby made that it **ACCEPTS, RATIFIES,** and **AFFIRMS IN PART** the Findings of Fact and Conclusions of Law submitted by former Chief Bankruptcy Judge Sidney Weaver under date of September 24, 1993 as hereinabove referred.

Not in limitation of the aforegoing, but so that specific reference be had to the following, this Court specifically herewith **RATIFIES, AFFIRMS,** and **ADOPTS** the Findings of Fact and Conclusions of Law submitted by former Chief Bankruptcy Judge Sidney Weaver as to the following facts and/or conclusions:

At the outset it should be observed that prior to these bankruptcy proceedings, the Internal Revenue Service ("I.R.S.") had obtained federal tax liens arising from unpaid employment taxes against non-debtors Dade Helicopters, Inc., Dade Helicopters Service, Inc., and Tropical Helicopters, Inc. These non-debtor companies have corporate names similar to debtor entities Dade Helicopter Jet Service, Inc. and Tropical Helicopter Airways, Inc. which filed petitions under Chapter 11 of the Bankruptcy Code on July 7, 1987, and Brickell Investment Corp. which filed a petition for Chapter 11 on July 9, 1987.

On or about October 30, 1987, the I.R.S. filed proofs of claims against the three bankruptcy estates. The debtors filed objections to these claims on December 4, 1987. In a reported decision at 85 B.R. 164 (Bankr. S.D.Fla.1989), the Bankruptcy Court after hearings on the objections, found that the I.R.S. had no basis for claiming levy and seizure based upon alter ego theories. With the filing of amended proofs of claim by the I.R.S., the debtors caused to be filed by motion a claim to tax attorneys' fees and costs against the I.R.S. for the claims litigation. After a hearing on the merits of the entitlement, Bankruptcy Chief Judge Sidney Weaver granted the debtors' motion and entered its Order that the debtors were entitled to an assessment of attorneys' fees and

costs against the I.R.S. under the statutory authority of 26 U.S.C. § 7430. *See, In re Brickell Invest. Corp.,* 96 B.R. 400 (Bank. S.D.Fla.1989). After a further hearing on February 17, 1989, Judge Weaver awarded the debtors attorneys' fees in the amount of $11,500.00 plus $843.75 for services by a certified public accountant. (Prior to remand)

On appeal to the United States District Court, Judge Thomas Scott determined that the debtors were not entitled to the relief sought because they had failed to exhaust administrative remedies. On appeal to the Eleventh Circuit Court of Appeals, this Order was reversed when the Eleventh Circuit found that it was not necessary to exhaust administrative remedies when filing an objection to claims in the Bankruptcy Court. However, the Eleventh Circuit found that the debtors were the prevailing parties, but that the Bankruptcy Court did not have jurisdiction to award the fees in the first instance.

The exact language used by the Eleventh Circuit finds and states that:

We have determined that the debtors-in-possession were prevailing parties eligible to request § 7430 fees, but that the bankruptcy court improperly exercised its jurisdiction by awarding fees under § 7430. Accordingly, we remand this case to the district court with instructions either to remand the case to the bankruptcy court for the submission of findings of facts and conclusions of law to the district court, or to allow the debtors to renew their application for fees directly to the district court. *In re Brickell Inv. Corp.,* 922 F.2d 696, 703 (11th Cir.1991).

A "prevailing party" according to § 7430(c)(4) is one who, among other factors, has "established that the position of the United States in the proceeding was not substantially justified." The United States was not "substantially justified" according to the findings derived from the Eleventh Circuit opinion.

Thereupon this case was remanded either for a *de novo* hearing before the United States District Court or for findings of fact and conclusions of law to be submitted by the Bankruptcy Court to the United States Dis-

trict Court. It is this latter action that is now before the Court.

On remand, the Bankruptcy Court set forth the protracted history of this case and made the following salient proposed findings of fact and conclusions law:

(a) The Bankruptcy Court retained sufficient jurisdiction during the confirmation process to consider, but not finally award debtors' initial request for fees;

(b) Debtors were "prevailing parties" under 26 U.S.C. § 7430(a) and (c)(4) so as to be entitled to reasonable litigation costs;

(c) The I.R.S. specifically waived sovereign immunity regarding monetary relief in this situation by the filing of its claims against the debtors;

(d) The claim that the case could not proceed as against the I.R.S. is meritless in that the I.R.S. and United States chose to appear interchangeably;

(e) Debtors' Motion for fees and costs was timely filed;

(f) Debtors are entitled to an award of fees and costs in the total amount of $20,816.25 pursuant to 26 U.S.C. § 7430. The Bankruptcy Court specifically authorized an award of $150.00 per hour for debtors' bankruptcy counsel and special tax counsel based on special factors set forth in § 7430(c)(1)(B)(iii) and in *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). As directed by the Eleventh Circuit, these fees were limited solely to the claims litigation (I.R.S.'s unjustified proofs of claim), and not for I.R.S.'s initial seizure of the assets.

This Court, in accordance with the Eleventh Circuit's Opinion in *In re Brickell Inv. Corp.,* 922 F.2d 696 (11th Cir.1991), has carefully considered the Bankruptcy Court's proposed findings of fact and conclusions of law and has reviewed *de novo* those matters to which the parties have properly objected. This Court **ACCEPTS, RATIFIES, AND AFFIRMS** the Bankruptcy Court's proposed findings of fact and conclusions of law **with the exception** of the total amount of fees and costs assessable against the United States.

█ It should be noted that the Eleventh Circuit found that the Bankruptcy Court had originally and improperly taken into account the I.R.S.'s initial seizure of the debtors' assets in making its determination of the initial fee award. The Court opined:

> There is some evidence, however, that the Bankruptcy Court improperly took into account the I.R.S.'s initial seizure of the debtors' assets in making its determination of the fee award. The Bankruptcy Court stated that "[t]he wrongful seizure by the I.R.S. caused the complete cessation of the debtors' business. By their own actions, the I.R.S. barred any meaningful potential the debtors may have had to resolve this dispute through administrative channels." *In re Brickell Invest. Corp.,* 922 F.2d at 704, *citing, In re Brickell Invest. Corp.,* 96 B.R. at 404.

The Eleventh Circuit went on to state that:

> Although the debtors are entitled to an award of attorney's fees if the I.R.S.'s filing of proofs of claim was unjustified, **that award should not include compensation based on the I.R.S.'s seizure of assets** ... *In re Brickell Invest. Corp.,* 922 F.2d at 704.

Initially on March 6, 1989, the Bankruptcy Court held that debtors' were entitled to total amount of $12,343.75. On remand and after an evidentiary hearing, the Bankruptcy Court now finds that debtors are entitled to $20,816.25. In that the Eleventh Circuit had found that there was evidence the Bankruptcy Court originally and improperly took into account the I.R.S.'s initial seizure of the debtors' assets in making its determination of the fee award, logic dictates that the amount of fees/costs determined on remand should have been less, not more.

However, the Eleventh Circuit did not specifically state that the amount of fees originally awarded was "excessive" but rather found that there was evidence that the Bankruptcy Court improperly took into account the I.R.S.'s initial seizure of the debtors' assets. The Bankruptcy Court states on remand that the $20,816.25 in fees/costs which it now proposes should be awarded are for services rendered specifically and solely related to the claims litigation. (i.e. not based on I.R.S.'s initial seizure) This Court does

not believe, however, that the Eleventh Circuit intended to give debtors a bigger bite at the apple with regard to attorney's fees/costs on remand. Nevertheless, the Bankruptcy Court's proposed increase in the fee award related solely to claims litigation does support the fact that the original fee/cost award was rendered specifically and solely in regard to the claims litigation. This should dispel the Eleventh Circuit's concern that the Bankruptcy Court originally and improperly took into account the I.R.S.'s initial seizure of the debtors' assets in making its determination of the fee award.

This Court has reviewed all the evidence submitted by the parties with regard to attorneys' fees and costs and has applied the applicable law including the Eleventh Circuit's criteria regarding those fees and costs considered permissible in this case. Accordingly, this Court finds that debtors are entitled to the original $12,343.75 award as fees and costs assessable against the United States, pursuant to 26 U.S.C. § 7430.

In all other respects, the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law are hereby **ACCEPTED, RATIFIED, AND AFFIRMED** in their entirety and are made a part of this Opinion herewith.

DONE AND ORDERED.

## *PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW ISSUED ON REMAND OF APPEAL*

SIDNEY M. WEAVER, Chief Judge.

This cause came on for hearing on August 10, 1993, on remand to the bankruptcy court for the entry of findings of fact and conclusions of law to be submitted to the district court, pursuant to an Order Remanding Case to the United States Bankruptcy Court, Southern District of Florida for Submission of Findings of Fact and Conclusions of Law to the United States District Court, dated April 29, 1993, and pursuant to instructions issued by the United States Court of Appeals for the Eleventh Circuit in that certain opinion reported as *In re Brickell Investment Corp.*, 922 F.2d 696, 698 (11th Cir.1991). Pursuant to the above stated order and reported decision, this court has considered, at the hearing on remand, the testimony presented, observed the candor and demeanor of the witnesses, examined the evidence, considered the arguments of counsel, and being otherwise duly advised in the premises, does hereby submit the following findings of fact and conclusions of law:

### *HISTORY OF THE CASE*

This case has a long and protracted history before this court. Prior to the initiation of these consolidated bankruptcy cases, (i.e., *In re Brickell Investment Corporation; In re Dade Helicopter Jet Service, Inc.; and In re Tropical Helicopter Airways, Inc.*), the Internal Revenue Service (IRS) had secured federal tax liens arising from unpaid employment taxes as against Dade Helicopter, Inc. (DHI), Dade Helicopter Service, Inc. (DHS), and Dade Helicopter, Inc. (THI). As set forth in the caption of this appeal, and as previously acknowledged by this court, the debtor entities have corporate names similar to the non-debtor companies.

Pursuant to these federal tax liens, the IRS, based upon an alter ego theory, made a pre-petition nominee assessment against two of the debtor corporations and in furtherance thereof, seized essentially all of the debtors' assets, including, but not limited to: a Bell Jet Ranger Helicopter, various operating bank accounts, and checks held in the office location that had not yet been deposited. This seizure caused the immediate cessation of the debtors' total business operations; and on July 7, 1987, Dade Helicopter Jet Service, Inc. and Tropical Helicopter Airways, Inc., filed petitions for relief under Chapter 11 of the bankruptcy code. On July 9, 1988, Brickell Investment Corporation also filed its petition for relief.

Immediately thereafter, the debtors filed a complaint for turnover of the assets seized. As a result of this proceeding, the debtors and the IRS entered into an agreement wherein the IRS agreed to allow the debtors to possess and use the helicopter, in the ordinary course of business, in exchange for adequate protection of their interest.

Subsequently, on or about October 30, 1987, the IRS filed proofs of claims against

the debtor entities. The debtors filed objections to these claims on or about December 4, 1987, on the basis that said claims were for tax liabilities incurred by entities that were separate and distinct from the debtor corporations and, therefore, the debtor companies were not liable for said obligations. This court, after an extensive hearing on the objections, found that the IRS was totally unjustified in making the nominee assessments, and the resulting levy and seizure, based upon the alter ego theories. Accordingly, the IRS claims were stricken and the IRS was ordered to return to the debtors any excess payments made over and above liabilities actually owed by the debtor entities. *See In re Brickell Investment Corporation,* 85 B.R. 164 (Bankr.S.D.Fla.1988).

The IRS filed a timely motion for rehearing, and based upon an agreement between the parties, the court amended the previous order, allowing the IRS to file amended proofs of claims. Thereafter, on December 1, 1988, the IRS finally filed their amended claims against these estates.

On December 22, 1988, the debtors filed their Debtor In Possession's Motion to Tax Costs and Attorney's Fees Against the Internal Revenue Service, asserting their entitlement to an award of attorneys fees under the auspices of 26 U.S.C. § 7430. The IRS filed an objection to the debtors' motion. The debtors' motion to tax costs, and the response by the IRS in opposition thereto, came on to be heard on January 20, 1989. At this hearing, the court bifurcated the issue of the entitlement to attorney's fees and costs from the issue of the amount of such fees and costs to be so awarded. After a full hearing on the merits of the entitlement issue, the court granted the debtors' motion and entered its order that the debtors were entitled to an assessment of attorneys fees and costs against the IRS under the statutory authority of 26 U.S.C. § 7430. *See In re Brickell Investment Corporation,* 96 B.R. 400 (Bankr.S.D.Fla.1989). After a further hearing held February 17, 1989, the Court entered its order awarding the debtors' attorneys fees in the amount of $11,500.00 and an additional $843.75 assessment for services provided the debtors by a certified public accountant.

The United States of America appealed the order as to entitlement as well as the order setting the amount of fees and costs so awarded. By virtue of these appeals the United States contested the court's orders and award of fees and costs on six bases: (1) the bankruptcy court had no jurisdiction to award attorneys fees and costs against the Internal Revenue Service *eo nomine;* (2) the claim of attorneys fees and costs as against the IRS was barred by the doctrine of sovereign immunity; (3) the motion for the award of fees and costs was untimely under 26 U.S.C. § 7430(c)(4)(A)(iii); (4) the motion was untimely under the local rules; (5) the debtors were barred from seeking the award for failure to first exhaust their administrative remedies; and (6) the court abused its discretion in awarding attorneys fees and costs, particularly as related to the amount of the fees so awarded. The appeals were ultimately consolidated for consideration by the district court.

After full briefing and oral arguments on the consolidated appeals, the district court entered its memorandum order holding that the debtors had failed to exhaust administrative remedies, and accordingly reversed and vacated the orders of the bankruptcy court.

The order of the district court was appealed to the United States Court of Appeals for the Eleventh Circuit. The eleventh circuit reversed the district court's findings, stating that the award of attorney's fees was made against the IRS because the bankruptcy court determined that the IRS was "substantially unjustified" in filing it's proof of claim and that once the IRS filed the proof of claim, there were no administrative remedies available to the debtors, that the debtors would be required to "exhaust". *Brickell,* 922 F.2d at 703–04. However, the appellate court also expressed it's concerns that the bankruptcy court improperly considered fees based on the IRS's initial seizure of assets, stating that only fees associated with the objection to claims litigation were properly assessable. *Id.* at 704. The court also entered findings that the debtors-in-possession were prevailing parties eligible to request

§ 7430 fees, but that the bankruptcy court improperly exercised its jurisdiction by awarding attorney's fees under § 7430. *Id.* at 703. The court of appeals found that since the bankruptcy court is not an Article III court, it cannot be considered a "court of the United States" for purposes of awarding fees under § 7430. *Id.* at 701. Accordingly, the case was remanded to the district court with instructions to either return the case to the bankruptcy court for the submission of findings of fact and conclusions of law to the district court, or to allow the debtors to renew their application for fees directly to the district court. *Id.* at 703.

Subsequently, the debtors, through counsel, filed with the Court of Appeals for the Eleventh Circuit, a Petition for Attorney's Fees for Prevailing Party on Appeal and Motion to Tax Costs, and the IRS filed their opposition thereto. The court of appeals issued its mandate on June 27, 1991, and simultaneously denied the debtors' motion for attorney's fees and costs incurred on appeal without prejudice, as being premature. The eleventh circuit found that the district court would need to determine, in the first instance, the reasonableness of all fees claimed, including those incurred on appeal.

The appeal was then remanded to the district court and was ultimately returned to the bankruptcy court for the submission of findings of fact and conclusions of law to the district court, pursuant to 28 U.S.C. § 157(c) and the directives of the Court of Appeals for the Eleventh Circuit. During this appellate process the United States raised two additional issues: (1) whether the debtor was, in fact, a prevailing party and therefore entitled to the award requested and (2) whether the bankruptcy court had retained jurisdiction, during the confirmation process, to consider the request in the first instance.

Although the bankruptcy court notes that the Eleventh Circuit Court of Appeals has already determined that the debtors were prevailing parties eligible to request § 7430 fees, (*Id.* at 703) which would, of necessity, negate some of the issues previously raised by the IRS, the bankruptcy court will nonetheless address all the issues raised on remand in an effort to bring these ongoing matters to their rightful conclusion, albeit not necessarily in the order previously raised by the parties hereto.

### *JURISDICTION*

The IRS raised the issue of whether the bankruptcy court had retained sufficient jurisdiction, during the confirmation process, to consider the debtors' initial request for fees [1], late in the appellate process. While it is

---

1. Factually, the Debtors' Combined Second Amended Plan of Reorganization contained a provision, which stated in relevant part, as follows:

*ARTICLE VIII—PROVISIONS FOR RETENTION OF JURISDICTION FOR SUPERVISION OF THE PLAN*

8.1 The Bankruptcy Court shall retain jurisdiction over the Chapter 11 cases for the purposes of determining any and all objections to the allowances of claims; determining any and all applications for compensation for professional and similar fees; determining any and all applications, adversary proceedings and contested or litigated matters before the Bankruptcy Court and pending on the confirmation date; and construing and enforcing the provisions of the Plan relating to the payments and distributions to be made by the Debtors on or after the Confirmation Date.

8.2 Subsequent to the Confirmation Date, the Debtors are authorized and directed to cause to be taken any action necessary or appropriate to carry out the provisions of the Plan.

8.3 The headings used in this Plan are inserted for convenience only, and neither constitute a portion of the Plan nor in any manner affect the provisions of the Plan.

8.4 Should any provision in the Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect or any and all other provisions of the Plan.

The relevant language of the Amended Order Confirming Combined Second Amended Plan of Reorganization states:

9. The Court shall retain jurisdiction as provided in the Plan until there is substantial consummation of the Plan and additionally to ... hear the Debtors complaint to recover fees and costs associated with the Internal Revenue Service's wrongful levy which shall be filed forthwith.

It is the IRS's position that since the debtors' motion for fees and costs under § 7430 was brought after substantial confirmation of the plan and cannot be based on the return of the debtor's assets, the bankruptcy court did not have jurisdiction to consider these fees in the first instance.

156

generally held that a party cannot raise a matter that was not presented to the court below for the first time on appeal, jurisdictional matters cannot be so waived, as the court would have had no authority to act in the first instance. Accordingly, the court will address this issue as a first priority concern.

■ At the outset, the court notes that the issue of the bankruptcy court's jurisdiction to determine the award of fees and costs under § 7430 has been finally determined in the negative as to all cases pending in the eleventh circuit.[2] Accordingly, the bankruptcy court could not have retained jurisdiction under a confirmed plan, either rightfully or wrongfully, when the court had no jurisdiction in the first instance. However, as the issue of jurisdiction may also impact on the timeliness issues raised by the IRS, the court has considered the merits of the government's position.

■ The court, having carefully considered all the arguments presented, finds that, but for the ruling of the appellate court, jurisdiction was properly and timely executed in this instance. First, the court finds that the language of the debtors' second amended plan and amended order confirming same were sufficient to place the IRS on notice of the debtors' intent to pursue claims for attorneys fees and costs, particularly against the IRS, after confirmation, and of this court's intent to reserve jurisdiction for the consideration of same. Unlike this court's decision in the *Neighbors* case[3], the issue of fees and costs was before the court and fully contemplated by the parties at the time of confirmation.

Second, absent the ruling of the eleventh circuit controlling the award of attorneys

fees and costs under the specific statutory authority here at issue, the matter of the determination of fees and costs is well within the defined jurisdictional parameters and duties of the bankruptcy court. 11 U.S.C. § 330 mandates that fee determinations for a trustee, an examiner, a professional person employed under §§ 327 and 1103, or the *debtor's attorney* are the special province of the bankruptcy court. This code section contains no restrictive language limiting the jurisdiction or the duty until confirmation of a plan. Fees are such an essential item to the bankruptcy court's core of jurisdiction that the court can, and must, consider same, even after dismissal of the case. *See also In re Pugh,* 72 B.R. 174 (D.Ore.1986); *In re Lowe,* 97 B.R. 547 (Bankr.W.D.Mo.1987).

Accordingly, the court finds that the jurisdictional issue, as now raised by the IRS, is without merit.

### *PREVAILING PARTY*

The gravamen of this appeal is the bankruptcy court's award of attorney's fees and costs to debtors' counsel under the provisions of 26 U.S.C. § 7430. 26 U.S.C. § 7430(a) allows a prevailing party to be awarded a judgment for reasonable litigation costs in connection with the court proceeding which is brought against the United States to determine, collect or seek the refund of any tax, interest or penalty. Under sub-section (c)(4), a "prevailing party" is defined as:

(A) In general. The term "prevailing party" means any party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved)—

---

2. But see *O'Connor v. U.S. Dept. of Energy,* 942 F.2d 771 (10th Cir.1991) (specifically rejecting the Eleventh Circuit's analysis in *Brickell,* and holding that bankruptcy courts have jurisdiction to award attorney's fees under EAJA, 28 U.S.C. § 2412, the predecessor of 26 U.S.C. § 7430); *In re Chambers,* 140 B.R. 233 (N.D.Ill.1992); *Taborski v. United States of America,* 141 B.R. 959 (N.D.Ill.1992); *In re Germaine,* 152 B.R. 619 (9th Cir. BAP 1993) all explicitly rejecting the *Brickell* analysis and holding that bankruptcy court properly awarded fees under 26 U.S.C. § 7430.

3. *Neighbors Restaurant v. Ganz (In re Neighbors Restaurant, Inc.)* 84 B.R. 240 (Bankr.S.D.Fla. 1988); In the *Neighbors* case the former debtor-in-possession filed an adversary proceeding six months after the final decree had been entered in that case, seeking to declare certain taxes dischargeable and to enjoin the defendant from collecting same in the state court forum, where there had been absolutely no reservation of jurisdiction to entertain post-confirmation matters in the court's approval of the plan or in the Final Decree.

(i) which establishes that the position of the United States in the proceeding was not substantially justified,

(ii) which—

(I) has substantially prevailed with respect to the amount in controversy, or

(II) has substantially prevailed with respect to the most significant issue or set of issues presented, and

(iii) which meets the requirements of the first sentence of section 2412(d)(1)(B) of Title 28, United States Code (as in effect on October 22, 1986) except to the extent differing procedures are established by rule of court and meets the requirements of Section 2412(d)(2)(B) of such Title 28 (as so in effect).

26 U.S.C. § 7430(c)(4).

■ In this case, the court finds that the debtors-in-possession are prevailing parties for several reasons. First and foremost, the eleventh circuit has determined that the debtors are prevailing parties in a final, non-appealed order of that court, by stating:

> We have determined that the debtors-in-possession were prevailing parties eligible to request § 7430 fees but that the bankruptcy court improperly exercised its jurisdiction by awarding attorney's fees under § 7430. Accordingly, we remand this case to the district court with instructions either to remand the case to the bankruptcy court for the submission of findings of facts and conclusions of law to the district court, or to allow the debtors to renew their application for fees directly to the district court.

*Brickell*, 922 F.2d at 703.

The court of appeals also stated:

> The award of attorney's fees was made against the I.R.S. because the bankruptcy court determined that the I.R.S. was "substantially unjustified" in filing its *proof of claim* ... *It was this claim in which the debtors prevailed* in and which was the basis for the attorney's fee award. *See In*

*re Brickell Invest. Corp.*, 96 B.R. 400 (Bankr.S.D.Fla.1989).

*Id.* at 703–04. (emphasis added).

The finding by the eleventh circuit, that the debtors were prevailing parties, by definition under § 7430, includes a finding that the position of the IRS was not substantially justified.

Furthermore, this court finds that the debtors-in-possession have clearly met the criteria set forth in 26 U.S.C. § 7430 in establishing that they are, in fact, prevailing parties. There can be no question that the debtors-in-possession have prevailed as to the amount in controversy and with respect to the issues presented in the objections to claims litigation which was heard by the bankruptcy court. Additionally, the bankruptcy court order resulting from the objection to claims litigation states that:

> ... in addition the IRS's review of over 4,000 documents belonging to the debtors, including the corporate books and ledgers, reveal only two items that the IRS asserts as evidence of commingling.

*Brickell*, 85 B.R. at 166. These "two items" were sufficiently explained by the debtors. In short, there was simply no factual basis which would support the IRS's position.

Further, the bankruptcy court, in its order on the objections to claims, found that the IRS had (1) not sustained its burden of proof regarding the alter ego allegations; (2) had not met their burden of allegations regarding commingling of funds, or the continuation of nondebtor businesses; or (3) proved that there was a transfer of assets from the nondebtors to the debtors. *Id.* at 167. The previous order of the bankruptcy court determining that the Internal Revenue Service would be liable for the fees under § 7430, also states that the finding of the IRS was *totally unjustified* in making the nominee assessment, and accordingly, the claims based on the nominee assessment were stricken. *Brickell*, 96 B.R. at 402. (emphasis added).

The IRS concedes that the determination of whether or not the position of the IRS in the bankruptcy court was substantially justified was a matter within the bankruptcy

court's discretion and must be reviewed solely on the abuse of discretion standard. *See* Brief of Appellant, page 24, *citing Pierce v. Myrna Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). There has been nothing presented to this court in the first instance, or at the hearing on remand, that would affect, or change, this court's previous determination.

The findings of fact and conclusions of law set forth in the bankruptcy court's order of May 18, 1988, resulting from the objections to claims litigation, is final and binding on the parties. The IRS's request for a *de novo* review of the transcript and evidence resulting from the objection to claims proceeding, at this stage in the appellate proceedings, despite their failure to appeal any of the findings of the bankruptcy court contained therein, is totally without merit. This question has been now been finally determined by both the bankruptcy court and the eleventh circuit. It is far too late to set those determinations aside.

■ In order to be "substantially justified," the IRS's position must have been reasonable in both law and fact. *Wasie v. Commissioner,* 86 T.C. 962, 1986 WL 22128 (1986). By virtue of the previous holdings of this court, which remain unaltered upon remand, it is clear, and the court so finds, that the IRS's position was neither reasonable in law nor in fact.

### SOVEREIGN IMMUNITY

The Internal Revenue Service has previously alleged that the debtors-in-possession could not bring a claim for fees under 26 U.S.C. § 7430 because the IRS had not waived its sovereign immunity. However, the court finds that this argument must fail for three reasons. First, § 505 of the bankruptcy code provides direct authority for the bankruptcy court to determine tax liabilities. Second, § 106 of the code provides a waiver of sovereign immunity with respect to any claim asserted by a governmental unit. Section 106 of the Bankruptcy Code specifically states:

**Waiver of sovereign immunity**

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such provision binds governmental units.

11 U.S.C. § 106.

Section 101 of the bankruptcy code defines "governmental unit" as follows:

(27) "governmental unit" means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government;

11 U.S.C. § 101(27).

■ The United States Supreme Court has recently held that subsections (a) and (b) of § 106 plainly waive sovereign immunity with regard to monetary relief in two settings: compulsory counterclaims to governmental claims, 11 U.S.C. § 106(a); and permissive counterclaims to governmental claims capped by a setoff limitation, 11 U.S.C. § 106(b). *U.S. v. Nordic Village, Inc.,* —— U.S. ——, ——, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992). In the instant case, the court finds that the debtors' objection to the claims of the Internal Revenue Service is a compulsory counterclaim to the claims asserted against the bankruptcy estates. Accordingly, the IRS has specifically waived sovereign immunity regarding mone-

tary relief in this situation, by the filing of its claims against these bankruptcy estates. *See* 11 U.S.C. § 106(a).

Third, as conceded by the IRS, § 7430 of the Internal Revenue Code, in and of itself, contains a waiver of sovereign immunity to allow an award of reasonable litigation costs, by stating that a prevailing party may be awarded a judgment for reasonable litigation costs in connection with a court proceeding which is brought against the United States to determine, collect or seek the refund of any tax, interest or penalty. *See* 26 U.S.C. § 7430(a).

The court therefore finds that the IRS's contention that the debtors' request for fees, pursuant to 26 U.S.C. § 7430, is barred by sovereign immunity, is without merit.

### ACTION AGAINST THE IRS EO NOMINE

■ The court further finds that the IRS and the United States have chosen to appear interchangeably at whim, and without seeking leave to substitute parties, in connection with the various proceedings in the bankruptcy and appellate courts. Although claiming that the IRS is not an agency that can sue or be sued, the IRS and the United States, relative to this bankruptcy case, have interchangeably:

1. filed proofs of claim (on behalf of the United States) against the debtors' bankruptcy estates;

2. litigated the objection to claims;

3. responded to the motion to tax costs and attorneys' fees in the bankruptcy court;

4. filed and prosecuted the appeal to the district court;

5. responded to the debtors' appeal to the eleventh circuit;

6. responded to the petition to tax costs and attorney's fees filed in the eleventh circuit; and

7. continued to pursue this appeal on remand.

This court notes that in the first relevant proceeding before the bankruptcy court, which was the objection to claims litigation, the U.S. Attorneys office appeared on behalf of the IRS, although the claim was clearly filed by the IRS. All subsequent pleadings, including the debtors' motion to tax costs and fees pursuant to § 7430 were served on these same counsel. Accordingly, the court finds that the United States has actively participated in and litigated in this case, in it's own right and on behalf of the IRS. Furthermore, the eleventh circuit has also held, in a final, binding opinion, that attorneys' fees may be awarded *against the IRS* for filing unjustified proofs of claim. *Brickell*, 922 F.2d at 704. (emphasis added).

The court will not elevate form over substance and finds that the IRS's position, relative to its claim that the case could not proceed, as against the IRS, is meritless.

### TIMELINESS

The Internal Revenue Services also asserts two timeliness objections—(1) that the motion for fees and costs is untimely under the provisions of § 7430, and (2) that the motion is untimely under the local rules. It is clear and uncontested that the IRS's initial proof of claim was filed on October 30, 1987. The objection to the claim, which is the subject of this appeal, was filed on December 4, 1987. The order on the objection to claim issued on April 18, 1988. Subsequently, an order was entered by the bankruptcy court which allowed the United States to amend their proof of claim. On December 1, 1988, the IRS filed their amended proof of claim and the debtors-in-possession's motion to tax costs and attorney's fees under 26 U.S.C. § 7430, was filed on December 22, 1988.

The resolution of the dispute regarding timeliness turns on the finality of the order of the bankruptcy court in sustaining the debtors' objections to the claims as filed by the IRS, where on rehearing, the court granted the IRS leave to file amended claims.

28 U.S.C. § 2412, related to this proceeding by virtue of § 7430(c)(4)(A)(iii), provides as follows:

A party seeking an award of fees and other expenses shall, *within thirty days of final judgment* in the action, submit to the court an application for fees and other expenses

which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses are computed.

28 U.S.C. § 2412(d)(1)(B) (emphasis added).

The then operative Rule 10(F) of the Rules of Civil Procedure for the United States District Court for the Southern District of Florida states in relevant part:

> motions to tax costs and claims for attorneys fees ... in actions or proceedings shall be filed ... no later than thirty (30) days following the entry of final judgment or other final dispositive order, if any.

The issue of what constitutes a "final" order or judgment in objection to claims litigation, for purposes of § 7430, appears to be an issue of first impression. However, the term "final judgment" for purposes of § 2412(d)(1)(B) has been defined as "a judgment that is final and not appealable". *James vs. U.S. Department of Housing and Urban Development*, 783 F.2d 997, 998 (11th Cir.1986). *See also Shalala v. Shaefer*, ___ U.S. ___, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).[4]

4. The Supreme Court's application of 28 U.S.C. § 2412(d)(1)(B) in the context of a fee award under EAJA is controlling here. In *Shalala*, the Court states:

> An EAJA application may be filed until 30 days after a judgment becomes "not appealable"—i.e., 30 days after the time for appeal has ended. *See* §§ 2412(d)(1)(B), (d)(2)(G); *see also Melkonyan [v. Sullivan]*, 501 U.S. [89], at 103 [111 S.Ct. 2157, 2166, 115 L.Ed.2d 78 (1991)]. Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after "entry of judgment," and that a judgment is considered entered for purposes of the rule only if it has been "entered in compliance with Rul[e] 58 ... of the Federal Rules of Civil Procedure." Fed.R.App.Proc. 4(a)(1), (7). Rule 58, in turn, requires a district court to set forth every judgment "on a separate document" and provides that "[a] judgment is effective only when so set forth." See *United States v. Indrelunas*, 411 U.S. 216, 220, 93 S.Ct. 1562, 1564, 36 L.Ed.2d 202 (1973) (*per curiam*).

The dispute in this case obviously arises over what is considered a "final, dispositive order" in the bankruptcy context. This court finds that the proper standard to determine "finality" for purposes of determining application of § 7430 and it's related provisions, is the standard applied to finality for appellate purposes. Although the issue of what constitutes a "final" order or judgment in a contested matter based on a debtor's objection to proof of claims for purposes of § 7430 may be a matter of first impression, the issue of what constitutes a "final" order in the bankruptcy context for appellate purposes has been thoroughly litigated.

The traditional characterization as to finality of a judicial order or decision was set forth by the Supreme Court in *Catlin v. United States*, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945) as:

> "One which ends the litigation ... and leaves nothing for the court to do but execute judgment."

*Ibid.* at 233–34, 65 S.Ct. at 633–34. *See also, Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *T & B Scottdale Contractors, Inc. v. U.S.*, 815 F.2d 1425, 1427 (11th Cir.1985); and *In re Regency Woods Apartments Limited*, 686 F.2d 899 (11th Cir.1982).

It is clear under bankruptcy case law that the separate dispute being assessed

Since the District Court's April 4 remand order was a final judgment, see *ante*, at 2630, a "separate document" of judgment should have been entered. It is clear from the record that this was not done. The Secretary does not dispute that, but argues that a formal "separate document" of judgment is not needed for an order of a district court to *become* appealable. That is quite true, see 28 U.S.C. § 1291; *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (*per curiam*); [*Sullivan v.*] *Finkelstein*, *supra* [496 U.S. 617] at 628, n. 7 [110 S.Ct. 2658, 2665, n. 7, 110 L.Ed.2d 563 (1990)], but also quite irrelevant. EAJA's 30–day time runs from the *end* of the period for appeal, not the *beginning*. Absent a formal judgment, the District Court's April 4 order remained "appealable" at the time that Schafer filed his application for EAJA fees, and thus the application was timely under § 2412(d)(1).

*Shalala*, ___ U.S. at ___, 113 S.Ct. at 2632; In the instant case there was likewise no "separate document" of judgment. Accordingly, the bankruptcy court's order . remained "appealable" at the time the debtors filed their motion for fees and costs under § 7430.

must be finally resolved and leave nothing further for the bankruptcy court to do. It is equally clear that a bankruptcy court order granting a creditor's motion for leave to file a late proof of claim is not a "final, appealable order". *See Charter Company v. Prudential Insurance Company of America (In re Charter Company)*, 778 F.2d 617, 621 (11th Cir. 1985); *Charter Company v. Petroleos Mexicanos (In re Charter Company)*, 76 B.R. 191 (M.D.Fla.1987); *In re Regency Woods Apartments Limited*, 686 F.2d 899 (11th Cir.1982). Likewise, this court finds that a court order allowing leave to file an amended claim is not a final, dispositive order.

In this case, the court finds that the original order of the bankruptcy court *did* result in a "final, dispositive order" in that *all* of the claims of the IRS were completely stricken. Clearly, at this juncture, the order was a "final, dispositive order".

However, on rehearing and as requested by the Internal Revenue Service, the IRS was permitted to file amended claims. Accordingly, the court must further find that until those claims were filed there was no way to determine the bases, validity or objections thereto. Unfortunately, the Internal Revenue Service did not file their amended claim until a considerable time later. Nonetheless, the court finds that the order striking the claims as filed and allowing the filing of amended claims was not a final, dispositive, appealable order. To hold otherwise would encourage chaos in claims processing. A creditor could conceivably file an appeal on a stricken claim, proceed on an amended claim, and continue the process *ad infinitum* until the desired result was achieved, or the debtors tired of litigating one sole claim against the estate.

The parties concede that a properly filed proof of claim is deemed allowed unless a party in interest objects. Accordingly, when the amended proof of claim was filed on December 1, 1988, and objections to same were not asserted, a motion for the assessment of attorney's fees and costs filed December 22, 1988, would be deemed timely, as it was filed within thirty (30) days from the time the Internal Revenue Service filed their amended proof of claims—thirty days from

the first possible entry of a final, dispositive order.

In summary the court finds that this matter originally came before the bankruptcy court on the debtors' objections to claims as filed against the estates by the Internal Revenue Service. Although the claims were originally stricken in their entirety, the order was amended to allow the Internal Revenue Service to file amended claims. Until said amended claims were filed, and the amounts and bases of those claims were established and determined, the objection was still an open issue before the bankruptcy court. Until these claims were actually filed and reviewed, no final determination could be made by the debtors or the bankruptcy court.

There has been nothing submitted to this court which would persuade the court to reach a different result regarding the timeliness of the debtors' motion to tax costs and fees; accordingly, the court finds that the motion was timely as filed.

### FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The issue of the exhaustion of administrative remedies has been finalized by the eleventh circuit opinion. The IRS concedes that this matter need not be considered further on remand.

### AMOUNT OF FEES

On remand, this court made a *de novo* determination of the amount of attorney's fees and costs that would be assessable against the IRS under § 7430. Specifically, 26 U.S.C. § 7430(c), at issue herein, states:

(c) DEFINITIONS—for purposes of this section—

(1) REASONABLE LITIGATION COSTS—the term "reasonable litigation costs" includes—

(A) reasonable court costs, and

(B) based upon prevailing market rates for the kind or quality of services furnished—

(i) the reasonable expenses of expert witnesses in connection with a court proceed-

ing, except that no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States,

(ii) the reasonable costs of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and

(iii) reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding, except that such fees shall not be in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for such proceeding, justifies a higher rate.

26 U.S.C. § 7430(c)(1)(B)(iii).

On remand, the court considered very specific testimony relating to the amount of fees and costs to be awarded. The court took special note of the nature of the services rendered and the number of hours and hourly fees associated with same and finds that the debtors shall be entitled to an award of fees, pursuant to § 7430, in the total amount of $20,816.25; calculated as follows:

1. for debtors' counsel for services rendered specifically and solely related to the claims litigation—111.40 hours at $150.00 per hour, for a total of $16,710.00;

2. for special tax counsel for work directly and solely associated with claims litigation—21.75 hours at $150.00 per hour for a total of $3,262.50; and

3. for the services of an accountant for the review of the debtors' books and records at $75 per hour; and as an expert witness at $100 per hour, related solely to the claims litigation, for a total award of $843.75.

The court specifically authorizes an award of $150.00 per hour for debtors' bankruptcy counsel and special tax counsel based on the existence of special factors involved in the determination of these fees, as set forth in the subject statute and in *Pierce v. Myrna Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490.

Debtors' counsel is an entity well known to this court. The court finds, in conjunction with these fee awards, that debtors' counsel,

in addition to a significant litigation expertise, also demonstrates a significant expertise in the area of bankruptcy law which played a critical part in the outcome of this litigation in the debtors' favor.

Likewise, special tax counsel, in addition to his established tax practice, testified to considerable experience in litigation matters, which was of great assistance to the outcome of this case.

It is the combination of these areas of expertise, in well defined fields of practice, on which this court bases its award of fees. Additionally, the court notes that pursuant to 11 U.S.C. § 330, not controlling here, but certainly used as guidance by bankruptcy courts in the fee award arena, the court is to award reasonable compensation for actual services rendered comparable to fee awards in other cases in order to ensure that debtors are able to obtain the quality of legal services necessary to protect their interests. Relative to this case, and based upon this court's intimate knowledge of the quality of services necessary to prosecute this cause in bankruptcy court and the hourly rates charged by those attorneys that would have the necessary skills and expertise to proceed in this cause, the court finds that the hourly rate of $150.00 is fully justified. The court further finds that the debtors would not have been able to obtain the level of services necessary to pursue this litigation at the hourly rate of $75.00, as capped by the statute.

Because this court has awarded fees in excess of the statutory hourly rate, based upon the existence of special factors, the court will not consider whether a cost of living factor would be applicable.

Likewise, the court recognizes the expertise demonstrated by debtors' appellate counsel in the areas of tax, litigation, bankruptcy and appellate matters. The availability of 26 U.S.C. § 7430 to debtors in pursuing objections to claims against the IRS, or pursuing the collection of any remedy against the IRS through a bankruptcy proceeding was a matter of first impression, tenaciously pursued by debtors' appellate counsel. However, this court will not now determine the amount of fees and costs to be awarded to appellate

counsel, but will leave same for the consideration of the district court, upon final determination of this appeal.

### CONCLUSION

Pursuant to the order of the eleventh circuit and 26 U.S.C. § 7430, the debtors have been determined to be prevailing parties entitled to the award of attorney's fees. However, this case has now been before the court in excess of four years and in the interests of resolving these matters once and for all, this court has taken substantial time to consider any and all possible matters that may still be unresolved and pending. Moreover, on remand, there was not a single factor presented to this court that would justify a revision of the previous decisions of this court, save the explicit testimony regarding the amount of the fee awards, based upon the Eleventh Circuit's admonition to exclude any and all costs and fees associated with the return of the debtors' assets.

Based upon the totality of the evidence presented, the court awards the debtors the total amount of $20,816.25 as fees and costs assessable against the United States, pursuant to 26 U.S.C. § 7430. The court retains jurisdiction to consider a further award of fees and costs to the debtors' appellate counsel, in the event the district court determines that such an award of appellate fees by this court is appropriate.

Respectfully submitted, this 24 day of September, 1993.